## STATE OF CONNECTICUT *v.* JOHN DENBY
## (15155)

Peters, C. J., and Borden, Berdon, Norcott and Katz, Js.

Argued September 21—decision released December 5, 1995

*Shelley A. White*, special public defender, with whom, on the brief, was *Donald D. Dakers*, special public defender, for the appellant (defendant).

*Jack W. Fischer*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Mary Reidy*, assistant state's attorney, for the appellee (state).

BERDON, J. The issues in this appeal are whether: (1) when a defendant is charged with possession of narcotics with intent to sell within 1000 feet of a school in violation of General Statutes (Rev. to 1991) § 21a-278a (b),[1] it is an essential element of the crime that the defendant has the specific intent to sell at a location that is within 1000 feet of a school; and (2) the trial court properly instructed the jury regarding the elements of § 21a-278a (b).

The defendant, John Denby, was charged with possession of cocaine with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), and possession of cocaine with intent to sell within 1000 feet of a school in violation of §§ 21a-278 and 21a-278a (b). A jury found the defendant guilty

---

[1] General Statutes (Rev. to 1991) § 21a-278a (b) provides: "Any person who violates section 21a-277 or 21a-278, and who is not, at the time of such action, a drug-dependent person, by manufacturing, distributing, selling, prescribing, dispensing, compounding, transporting with the intent to sell or dispense, possessing with the intent to sell or dispense, offering, giving or administering to another person any controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary or secondary school shall be imprisoned for a term of three years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section 21a-277 or 21a-278. To constitute a violation of this subsection, an act of transporting or possessing a controlled substance shall be with intent to sell or dispense in or on, or within one thousand feet of, the real property comprising a public or private elementary or secondary school." Number 92-82 of the 1992 Public Acts amended this subsection to increase the distance from a school within which the provision applied to 1500 feet.

as charged and the trial court sentenced him to an effective term of imprisonment of nineteen years.

The defendant appealed to the Appellate Court, claiming, inter alia, that the trial court improperly failed to instruct the jury that a conviction pursuant to § 21a-278a (b) required the state to prove that the defendant specifically intended to sell narcotics at a location within 1000 feet of school property. The Appellate Court affirmed the judgment of conviction. *State* v. *Denby*, 35 Conn. App. 609, 646 A.2d 909 (1994). We granted the defendant's petition for certification to appeal,[2] and affirm the judgment of the Appellate Court based upon different reasoning.

As stated by the Appellate Court, the jury reasonably could have found the following facts. "On May 17, 1992, New Haven police officers Andrew Muro and Peter Carusone were working in the Newhallville section of New Haven. Muro received information from an informant that the defendant was selling drugs at 51 Lilac Street, which was approximately 820 feet from the Lincoln Bassett School. He and Carusone, both of whom knew the defendant, drove by the address and saw the defendant on the front porch. They set up a surveillance of the defendant's activities. Muro watched the front porch from a nearby alley. Carusone remained at a police substation parking lot, ready to assist Muro upon apprehension of the defendant.

"Muro observed a female walk up to the porch of the building and heard her say she 'wanted one.' The

---

[2] The certified question is: "Where a defendant has been charged with possession of narcotics with intent to sell, within 1000 feet of a school, in violation of General Statutes §§ 21a-278 and 21a-278a (b), is it an essential element that the defendant has the specific intent to sell within 1000 feet of a school?" *State* v. *Denby*, 231 Conn. 941, 653 A.2d 823 (1994). Because the parties fully briefed the issue, and in the interests of judicial economy; see *Beechwood Gardens Tenants' Assn.* v. *Dept. of Housing*, 214 Conn. 505, 509 n.4, 572 A.2d 989 (1990); we reach the second issue as to whether the trial court properly instructed the jury under § 21a-278a (b).

defendant reached into his right pants pocket, pulled out a clear plastic bag, removed an item from it, and handed it to the female. The female then gave the defendant money. A short time later, Muro saw the defendant carry out a second transaction with another individual [which was] similar to the previous transaction.

"After informing Carusone of his observations, the officers returned to the premises under surveillance where Muro encountered the defendant in the hallway and arrested him. In his right pocket, the defendant had a clear plastic bag containing packets of white powder that field-tested positive for cocaine." Id., 612.

I

The Appellate Court declined to review the defendant's claim that the trial court had failed to instruct the jury properly that the state must prove that the defendant had a specific intent to sell the narcotic at a location within 1000 feet of a school in violation of § 21a-278a (b). The defendant conceded that he had not raised the issue before the trial court,[3] but sought to prevail under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[4] claiming that his federal and state due process rights had been violated because the specific intent under § 21a-278a (b) was an element of the

---

[3] See footnote 5.

[4] In *State* v. *Golding*, supra, 213 Conn. 239–40, we held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstance." (Emphasis in original.)

crime. The Appellate Court held that the prohibition against selling narcotics within the school zone was merely a penalty enhancement and that the state "was not required to prove that the defendant specifically intended to sell within the 1000 foot zone because, by the clear language of the statute, such an intent is not an element of the crime." *State* v. *Denby*, supra, 35 Conn. App. 616. The state concedes before this court that the intent to sell within 1000 feet of a school is an element of the crime. We agree with the state and the defendant, and disagree with the Appellate Court.

Our interpretation of § 21a-278a (b) is "guided by well established principles of statutory construction. Statutory construction is a question of law and therefore our review is plenary. . . . Ordinarily, if the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Citations omitted; internal quotation marks omitted.) *State* v. *Spears*, 234 Conn. 78, 86, 662 A.2d 80 (1995), cert. denied, U.S. , 116 S. Ct. 565, 133 L. Ed. 2d 490 (1995). As a threshold matter, therefore, we consider whether § 21a-278a (b) is plain and unambiguous on its face.

Upon review, we find the plain meaning of § 21a-278a (b) to be clear. The first sentence provides that if any person who is not drug-dependent violates § 21a-277 or § 21a-278 in one of the ways set forth therein, and does so within 1000 feet of a school, that person will receive an additional three year term of imprisonment. The second sentence of § 21a-278a (b) places an additional limitation on the location requirement: "To constitute a violation of this subsection, an act of transporting or possessing a controlled substance shall be with intent to sell or dispense in or on, or within one thousand feet of, the real property comprising a public or private elementary or secondary school." This sentence further defines two of

the ways previously described—that is, "transporting or possessing a controlled substance"—by adding that they "shall be with intent to sell or dispense in or on, or within" the 1000 foot zone. Therefore, the plain language of § 21a-278a (b) requires as an element of the offense an intent to sell or dispense the narcotics at a location that is within 1000 feet of a school.

The state is not, however, required to prove that the defendant knew that this location was within the zone.[5] Ordinarily, the mental state required by a statute is expressly designated: "When one and only one of such terms appears in a statute defining an offense, it is presumed to apply to every element of the offense unless an intent to limit its application clearly appears." General Statutes § 53a-5. Section 21a-278a (b) specifically requires a mental state of "intent," which must be applied to every element of that statute. The mental state of knowledge that the location is within the 1000 foot zone is not set forth in § 21a-278a (b). An "intent" element is not synonymous with a "knowledge" element, each of which is specifically defined in the penal code.[6] The absence of any statutory requirement that the defendant knowingly sell within the prohibited school zone demonstrates that the legislature did not intend to make knowledge an element of the crime. If

[5] Before the trial court, the defendant argued and sought a jury instruction, which the court declined to give, that § 21a-278a (b) requires that the defendant knew that he was within 1000 feet of a school. On appeal before us, the defendant has abandoned this argument, and conceded in oral argument that the state need only prove that the location at which he sold or intended to sell the drugs he possessed was within the school zone.

[6] General Statutes § 53a-3 (11) provides: "A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct."

General Statutes § 53a-3 (12) provides: "A person acts 'knowingly' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists."

the legislature had wanted to make knowledge as to location of a school an element of the offense, it would have done so by specifically stating that the defendant possessed the narcotics with the intent to sell or dispense at a location that the defendant knew was in, or on, or within 1000 feet of a school. See *State* v. *Nixon*, 231 Conn. 545, 563, 651 A.2d 1264 (1995).

Thus the plain language of § 21a-278a (b) dictates only one construction. While "knowledge" on the part of the defendant as to location is not an element of § 21a-278a (b), the state is required to prove that the defendant intended to sell or dispense those drugs in his or her possession at a specific location, which location happens to be within 1000 feet of an elementary or secondary school.

## II

We turn now to the question of whether the trial court properly instructed the jury regarding the elements of § 21a-278a (b). The defendant claims that the trial court failed to instruct the jury that the state must prove that possession with intent to sell or dispense must be within 1000 feet of a school. Although, as we previously indicated, the claim was not properly preserved at trial, the defendant further contends and the state concedes that because it concerns an element of the crime it is nonetheless reviewable under *Golding*.[7] We agree that the jury instruction is subject to *Golding* review because the defendant raises a constitutional claim involving a fundamental right, and the record is adequate for review.

"It is . . . constitutionally axiomatic that the jury be instructed on the essential elements of a crime charged." *State* v. *Williamson*, 206 Conn. 685, 708, 539 A.2d 561 (1988). "The due process clause of the four-

---

[7] See footnote 4.

teenth amendment protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970) . . . ." (Citations omitted.) *State* v. *Gabriel*, 192 Conn. 405, 413–14, 473 A.2d 300 (1984). Consequently, the failure to instruct a jury on an element of a crime deprives a defendant of the right " 'to have the jury told what crimes he is actually being tried for and what the essential elements of those crimes are.' " Id., 414.

We turn, therefore, to the third prong of *Golding*. The defendant argues that the trial court instructed the jury that a violation of § 21a-278a (b) was established once the state proved a violation of § 21a-278 (b).[8] Section 21a-278 (b), however, has no location element. The state argues that, viewed as a whole, the charge reflected the proper construction of the statute and thus adequately guided the jury in its verdict. Although the charge could have been more explicit as to the scope of the intent requirement as it pertains to the location of the sale, we agree with the state.

Our analysis begins with a well established standard of review. "When reviewing the challenged jury instruc-

[8] General Statutes § 21a-278 (b) provides: "Any person who manufactures, distributes, sells, prescribes, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years or, (2) such person's mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution."

tion . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Citations omitted; internal quotation marks omitted.) *State* v. *Leroy*, 232 Conn. 1, 8, 653 A.2d 161 (1995).

An examination of the entire jury charge reveals that each element of the crime set forth in § 21a-278a (b) was laid before the jury.[9] The charge outlined the ele-

[9] The trial court charged the jury as follows: "The defendant is charged in the second count of the information with violation of Connecticut General Statutes [§ 21a-278a (b)], which insofar as it pertains to this case reads as follows: any person not drug-dependent who possesses with the intent to sell or dispense any narcotic substance in or on or within 1000 feet of the real property comprising a public or private elementary or secondary school shall be punished. If you have found the defendant not guilty of the first count, possession of narcotics with the intent to sell, then you need not consider this count any further but should return a verdict of not guilty as to this count. If, however, you have found the defendant guilty of the charge of possession of narcotics with the intent to sell then you must go on to consider this charge, in order to convict the defendant of this charge the state must prove beyond a reasonable doubt that the defendant knowingly possessed cocaine with the intent to sell or distribute such substance. In other words, the allegations contained in count one, of the information in this case *and in addition that the defendant did this in or on or within 1000 feet* of the real property comprising a public or private elementary or secondary school. The state has introduced evidence that a public school, Lincoln Bassett, is 800 feet away from the scene of this incident. If the state has proven beyond a reasonable doubt all of the elements of this offense, that is [he] knowingly possessed cocaine with the intent to sell *and the place where he did sell was within 1000 feet* of the real property comprising a public or private elementary school, that is to say the real estate or school lot, including the school yard or playground, is applicable. Thus, if you find that the state has proved beyond a reasonable doubt all of the elements of

ments of the statute, stating that its purpose was to punish "any person not drug-dependent who possesses with the intent to sell or dispense any narcotic substance in or on or within 1000 feet of the real property comprising a public or private elementary or secondary school." Further, the trial court stated that the elements were the same as those required of a conviction under § 21a-278 (b), with the "addition that the defendant did this in or on or within 1000 feet of the real property comprising a public or private elementary or secondary school." This portion of the charge adequately addressed the location element, instructing the jury that conviction under this statute required a finding that the act of possession with intent to sell or dispense had taken place within the prohibited zone. A subsequent portion of the charge reiterated the location requirement, directing the jury that the state must prove "beyond a reasonable doubt all of the elements of this offense, that is [the defendant] knowingly possessed cocaine with the intent to sell and the place where he did sell was within 1000 feet of the real property comprising a public or private elementary school . . . ."

The defendant's claim that the trial court did not charge the jury regarding any obligation to find that he

this offense, that is knowingly possessed cocaine *with the intent to sell within 1000 feet* of an elementary or secondary school and at that time he was not a drug-dependent person, you must find the defendant guilty of this charge." (Emphasis added.) Later, the trial court used a chart to illustrate the elements of § 21a-278a (b): "Two charges, first charge violation of [§ 21a-278 (b)], initially the state has to prove possession, two, with intent to sell, three, a narcotic. . . . Now having finished with count one then you go into count two, and count two is the same as this one with one exception, you should note, possession, intent to sell narcotics, same thing . . . not a drug dependency and one other charge, *1000 feet of a school* . . . .

\* \* \*

"And you recall that on the second count, one of the offenses is like unto the first count, they are the exact same with one addition, so if you, so you have to find that he's drug-dependent, so if you don't find him guilty of the first count you can't find him guilty of the second count." (Emphasis added.)

specifically intended to sell drugs at a location that happened to be within 1000 feet of a school is unsupported by the record. Further, the defendant's claim that the trial court instructed the jury that a violation of § 21a-278a (b) was established once the state showed a violation of § 21a-278 (b) is incorrect. The charge clearly stated that conviction under § 21a-278a (b) required proof of all of the elements encompassed under § 21a-278 (b) plus the additional location element. Because this location requirement was the only additional element required by § 21a-278a (b), and because the charge adequately set forth this and all other required elements, we do not view this instruction as improper. See *State* v. *Leroy*, supra, 232 Conn. 7–8. We conclude that the trial court's charge was correct in the law, sufficiently adapted to the issues of the case, and adequate to guide the jury. Id., 8.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.