## STATE OF CONNECTICUT *v.* MICHAEL PATRICK (15213)

Lavery, Landau and Spallone, Js.

Argued June 3—officially released August 20, 1996

*William W. Fisher, Jr.*, for the appellant (defendant).

*Michael L. Regan*, assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of possession of a narcotic substance with intent to sell in violation of General Statutes § 21a-278 (b),[1] possession of a controlled substance within 1500 feet of real property comprising a public elementary school in violation of General Statutes (Rev. to 1993) § 21a-278a (b),[2] posses-

---

[1] General Statutes § 21a-278 (b) provides in pertinent part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. . . ."

[2] General Statutes (Rev. to 1993) § 21a-278a provides in relevant part: "Penalty for illegal manufacture, distribution, sale, prescription or administration involving minors. . . . (b) Any person who violates section 21a-277

sion of a cannabis-type substance in violation of General Statutes § 21a-279 (c),[3] and possession of drug paraphernalia in a drug factory situation in violation of General Statutes § 21a-277 (c).[4] The defendant claims that (1) his conviction constituted a violation of his right not to be placed in double jeopardy, (2) General Statutes (Rev. to 1993) § 21a-278a (b) is unconstitutionally vague as applied to him, and (3) he was not afforded effective assistance of counsel as guaranteed by the United States and Connecticut constitutions. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On September 27, 1994, members of the New London police department and the statewide narcotics task force executed a search warrant for the defendant's

or 21a-278, and who is not, at the time of such action, a drug-dependent person, by manufacturing, distributing, selling, prescribing, dispensing, compounding, transporting with the intent to sell or dispense, possessing with the intent to sell or dispense, offering, giving or administering to another person any controlled substance in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school . . . shall be imprisoned for a term of three years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section 21a-277 or 21a-278. To constitute a violation of this subsection, an act of transporting or possessing a controlled substance shall be with intent to sell or dispense in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school . . . ."

[3] General Statutes § 21a-279 (c) provides: "Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance, or a hallucinogenic substance other than marijuana or who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, for a first offense, may be fined not more than one thousand dollars or be imprisoned not more than one year, or be both fined and imprisoned; and for a subsequent offense, may be fined not more than three thousand dollars or be imprisoned not more than five years, or be both fined and imprisoned."

[4] General Statutes § 21a-277 (c) provides: "No person shall knowingly possess drug paraphernalia in a drug factory situation as defined by subdivision (20) of section 21a-240 for the unlawful mixing, compounding or otherwise preparing any controlled substance for purposes of violation of this chapter."

person, his two-story residence at 272 Colman Street, and several of his motor vehicles. At the residence, the police found the defendant, his wife, and his daughter.

The defendant was advised of his rights and promptly waived them. The defendant subsequently informed the police of the location of the drugs in his residence. The police searched the first floor of the defendant's residence and found marijuana, money, and a key. The police used this key to open a locked room on the second floor of the defendant's residence. In this locked room the police found cocaine, a scale, several plastic bags, and an empty bottle of inositol.[5] The defendant's residence is located approximately 1115 feet from Edgerton Elementary School.

I

The defendant first claims that he was deprived of his right not to be put in double jeopardy because he was convicted and sentenced to consecutive sentences for possession of a narcotic substance with intent to sell and possession of a controlled substance within 1500 feet of real property comprising a public elementary school. The defendant claims that his unpreserved claim is entitled to appellate review under State v. Golding, 213 Conn. 233, 567 A.2d 823 (1989).

A defendant can prevail on an unpreserved claim only if "all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id., 239–40. The defendant's claim

---

[5] Inositol is a chemical frequently used by drug dealers to dilute cocaine.

meets the first two prongs of *Golding* and is, therefore, subject to review. *State* v. *Lemoine*, 39 Conn. App. 657, 663 n.8, 666 A.2d 440 (1995). We conclude, however, that the defendant's claim fails to satisfy the third prong of *Golding*.

"The double jeopardy clause of the fifth amendment to the United States constitution provides: '[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.' The double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment. *Benton* v. *Maryland*, 395 U.S. 784, 794, 89 S. Ct 2056, 23 L. Ed. 2d 707 (1969); *State* v. *Lonergan*, 213 Conn. 74, 78, 566 A.2d 677 (1989), cert. denied, 469 U.S. 905, 110 S. Ct 2586, 110 L. Ed. 2d 267 (1990). This constitutional guarantee prohibits not only multiple trials for the same offense, but also multiple punishments for the same offense in a single trial. *Brown* v. *Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *State* v. *Anderson*, 212 Conn. 31, 35, 561 A.2d 897 (1989); *State* v. *John*, 210 Conn. 652, 693, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989)." *State* v. *Greco*, 216 Conn. 282, 289–90, 579 A.2d 84 (1990).

Although the Connecticut constitution does not include a specific double jeopardy provision, the due process guarantee of article first, § 9, of our state constitution has been held to encompass protection against double jeopardy. *Kohlfuss* v. *Warden*, 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962); see also *State* v. *Anderson*, 211 Conn. 18, 25 n.8, 557 A.2d 917 (1989). Nevertheless, we have not held that our state constitution affords any greater due process rights than those afforded under the federal constitution's double jeopardy clause. *State* v. *Laws*, 37 Conn. App. 276, 294–95, 655 A.2d 1131, cert. denied, 234 Conn. 907, 659 A.2d 1210 (1995).

The defendant claims that his convictions and sentences for violation of General Statutes §§ 21a-278 and 21a-278a (b) have punished him twice for the same offense. "Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met. . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Greco,* supra, 216 Conn. 290–291.

In the present case, the state concedes, and we agree, that the convictions at issue arise out of the same transaction. The state concedes the first prong of this test is met because "it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser." *State* v. *Morin,* 180 Conn. 599, 601, 430 A.2d 1297 (1980). "In deciding whether the crimes arose out of the same act or transaction, we analyze the language of the information." *State* v. *Nita,* 27 Conn. App. 103, 113, 604 A.2d 1322, cert. denied, 222 Conn. 903, 606 A.2d 1329, cert. denied, 506 U.S. 844, 113 S. Ct. 133, 121 L. Ed. 2d 86 (1992). This court has also held that any ambiguity in the information must be construed in the defendant's favor. *State* v. *Glover,* 40 Conn. App. 387, 391, 671 A.2d 384 (1996).

The defendant was charged with violating §§ 21a-278 (b) and 21a-278a (b) in counts one and two of an information dated September 27, 1994.[6] Our review of

[6] In a substitute information filed on June 8, 1995, the defendant was charged with the following: "Count One: Michael L. Regan, Asst. State's Attorney for the Judicial District of New London accuses Michael A. Patrick of 272 Colman Street, New London CT of Possession of a Narcotic Substance with intent to sell and charges that at the City of New London at 272 Colman Street on the 27th day of September 1994, at approximately 9:00 a.m. the said Michael Patrick did possess cocaine with intent to sell in violation of Section 21a-278 (b) of the Connecticut General Statutes. Count Two: And

the substitute information leads us to conclude that the charges arise out of the same transaction.

The defendant could not have been guilty of violating § 21a-278a (b), possession with intent to sell within 1500 feet of a school, without first committing the crime of possession with intent to sell as defined by § 21a-278 (b). The state also concedes that § 21a-278 (b) is a lesser included offense of § 21a-278a (b). Under a traditional *Blockburger*[7] analysis, both of the crimes would be considered the "same offense," thereby meeting the second prong of the test. Our double jeopardy analysis, however, does not end there.

"[T]he *Blockburger* test is not a conclusive presumption of law; *Garrett* v. *United States*, 471 U.S. 773, 779, 105 S. Ct. 2407, 85 L. Ed 2d 764 (1985); but is a rule of statutory construction and should not be controlling where there is a clear indication of contrary legislative intent. *Missouri* v. *Hunter*, 459 U.S. 359, 367, 103 S. Ct 673, 74 L. Ed. 2d 535 (1983). As a rule of statutory construction, the *Blockburger* test 'does no more than create a rebuttable presumption.' *State* v. *Delgado*, 19 Conn. App. 245, 251–52, 562 A.2d 539 (1989). The determinative question is whether the legislature intended the offenses to be separate. *State* v. *Smart*, 37 Conn.

said Attorney further accuses the said Michael A. Patrick of Possession of a Controlled Substance With Intent to Sell Within One Thousand Five Hundred Feet of the Real Property Comprising a Public Elementary School and charges that at the City of New London at 272 Colman Street on the 27th day of September 1994 at approximately 9:00 a.m. the said Michael A. Patrick, while within one thousand five hundred feet of the real property of Edgerton School, did possess cocaine with intent to sell in violation of Section 21a-278a (b) of said statutes."

[7] *Blockburger* v. *United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). The traditional approach to analyzing whether two offenses constitute the same offense was set forth in *Blockburger* as follows: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires the proof of a fact which the other does not." Id. 304.

App. 360, 365, 656 A.2d 677 (1995)." *State* v. *Braswell,* 42 Conn. App. 264, 269, 679 A.2d 407 (1996).

We find adequate legislative intent that § 21a-278a (b) authorizes cumulative punishment that can be imposed in addition to a defendant's sentence for violation of § 21a-278 (b). We are aware that " '[t]he *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history.' " *State* v. *Greco,* supra, 216 Conn. 292. Furthermore, "the language, structure and legislative history of a statute can provide evidence of this intent." Id., 293.

First, the language of § 21a-278a (b) manifests a clear legislative intent to provide an enhanced punishment for violating General Statutes §§ 21a-277 or 21a-278 within 1500 feet of a school. Section 21a-278a (b) specifically provides that a person who violates this statute "shall be imprisoned for a term of three years, which shall not be suspended and shall be *in addition and consecutive to any term of imprisonment imposed for violation of section 21a-277 or 21a-278.*" (Emphasis added.) Section 21a-278a (b) on its face demonstrates the legislative intent to impose the added sanction of three years imprisonment for committing the same offense as proscribed by § 21a-278 (b) within 1500 feet of a school.

Second, legislative intent to impose cumulative punishments may also be seen in the comments of legislators when enacting § 21a-278a (b). During the discussion in the General Assembly concerning the passage of Public Acts 1987, No. 87-373, Representative Eugene A. Migliaro, Jr., stated: "There's two factors here that people have been kicking around. One is the 5 year sentence plus the additional 2 year sentence if you're within the thousand feet [of a school]. . . . I think adding the additional two years just for being in

the area makes a lot of sense. It could be a deterrent. I think an individual knows, and I think they're going to take a second look, 5 years is plenty and 2 more would be a little bit too much. So I think it's a good amendment. . . . And [if] I were the one pushing drugs, I would look at the extra 2 years and stay out of the area and I think that's the intent of the bill."[8] 30 H. R. Proc., Pt. 24, 1987 Sess., pp. 8727–28. Representative William A. Kiner's comments concerning the passage of Public Acts 1987, No. 87-373, further indicate that the penalty for violating § 21a-278a (b) should be imposed in addition to the punishment provided for by § 21a-278 (b). Representative Kiner stated: "[W]hat it does is to say that anyone who sells to a minor, anyone who sells within 1000 feet of a school, and anyone using a minor in trafficking would now be guilty of a crime and as such we would be adding on two years to an already five year minimum sentence." 30 H. R. Proc., supra, p. 8656. These comments made by legislators when enacting § 21a-278a (b) demonstrate the legislature's intent to enhance the penalties provided for in § 21a-278 (b).

The United States Supreme Court has held that "where . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri* v. *Hunter*, 459 U.S. 359, 368–69, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983). We conclude that the legislature authorized

---

[8] In 1989, the state legislature enacted Public Acts 1989, No. 89-256, § 1, which increased the penalty from two to three years imprisonment for violating General Statutes § 21a-278a (b). In 1992, the state legislature enacted Public Acts 1992, No. 92-82, which substituted "one thousand five hundred feet" for "one thousand feet" in General Statutes § 21a-278a (b).

cumulative punishment for violations of §§ 21a-278 (b) and 21a-278a (b), and, therefore, the defendant's conviction of both did not violate his double jeopardy rights. See *State* v. *Braswell*, supra, 42 Conn. App. 264.

## II

The defendant's second claim is that § 21a-278a (b) is unconstitutionally vague. While this claim was neither raised nor preserved at trial, the state concedes that this record is adequate to satisfy the first two prongs of *State* v. *Golding*, supra, 213 Conn. 239–40. Furthermore, in *State* v. *Shriver*, 207 Conn. 456, 542 A.2d 686 (1988), our Supreme Court has held that "a claim of unconstitutional vagueness falls within the parameters of *State* v. *Evans*, 165 Conn. 61, 69, 327 A.2d 576 (1973), and therefore warrants appellate scrutiny because it implicates the fundamental due process right to fair warning . . . ." *State* v. *Shriver*, supra, 459.

It is well settled that "the void for vagueness doctrine embodies two central precepts: the right to fair warning of the effect of a governing statute or regulation and the guarantee against standardless enforcement." Id., 459–60. The defendant further contends that "[l]aws must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly." *State* v. *Cavallo*, 200 Conn. 664, 667, 513 A.2d 646 (1986).

The purpose of § 21a-278a (b) is present on its face and in its legislative history. This statute was designed to protect children and schools from the danger that accompanies illegal drugs and their purveyors. We hold that a person of ordinary intelligence should know that possession of cocaine with intent to sell is illegal in its own right. Therefore, a person of ordinary intelligence should also know that this prohibited activity would also be illegal within 1500 feet of a school.

The defendant also contends that § 21a-278a (b) does not put one on notice as to the boundaries of the real property constituting a school as defined by this statute. We find no merit to this argument because of our Supreme Court's recent holding in *State* v. *Denby*, 235 Conn. 477, 668 A.2d 682 (1995). The court concluded that "the plain language of § 21a-278a (b) requires as an element of the offense an intent to sell or dispense the narcotics at a location that is within 1000 feet of a school. The state is not, however, required to prove that the defendant knew that this location was within the zone."[9] Id., 482. As a result, the defendant did not have to know that he was within 1500 feet of a school to violate § 21a-278a (b). We conclude that § 21a-278a (b) is not unconstitutionally vague as applied to the defendant.

## III

The defendant's third claim is that he was deprived of his constitutional right to effective assistance of counsel. For a defendant to prevail on an ineffective assistance of counsel claim they must successfully meet the two-prong test set forth by the United States Supreme Court in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct 2052, 80 L. Ed. 2d 674 (1984); see *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 610 A.2d 598 (1992). The *Strickland* test requires that the defendant "must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Bunkley* v. *Commissioner of Correction*, supra, 445.

Our Supreme Court has consistently concluded that the preferred vehicle for an ineffective assistance of

---

[9] This was before the 1992 amendment to § 21a-278a (b), which changed the distance from 1000 feet to 1500 feet.

counsel claim is either a petition for writ of habeas corpus or a petition for a new trial, not a direct appeal. *State* v. *Mason*, 186 Conn. 574, 579, 442 A.2d 1335 (1982); *State* v. *Just*, 185 Conn. 339, 370, 441 A.2d 98 (1981). "Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence that is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency." *State* v. *Mason*, supra, 579.

In *State* v. *Henderson*, 37 Conn. App. 733, 749, 658 A.2d 585, cert. denied. 234 Conn. 912, 660 A.2d 355 (1995), this court stated: " '[W]hen the claim of inadequate counsel is joined with other substantive and procedural claims of error, it is often difficult to make a judgment about the extent to which inadequate counsel has implicated the outcome of the criminal conviction. For that reason, it will ordinarily be necessary to await exhaustion of the direct appeal before the claim of ineffective assistance can be pursued on a petition for [a writ of] habeas corpus.' " We conclude, therefore, that a petition for habeas corpus would be the proper vehicle for this claim.

The judgment is affirmed.

In this opinion the other judges concurred.