STATE OF CONNECTICUT *v.* ANTHONY KNIGHT
(AC 18561)

Schaller, Hennessy and Mihalakos, Js.

846

Argued December 9, 1999—officially released March 14, 2000

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Anthony Martin*, assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Anthony Knight, appeals from the judgment of conviction, rendered after a jury trial, of possession of a narcotic substance[1] in violation of General Statutes § 21a-279 (a), possession of a narcotic substance within 1500 feet of a school in violation of General Statutes § 21a-279 (d), possession of a narcotic substance with intent to sell as a lesser included offense in violation of General Statutes § 21a-277 (a), possession of a narcotic substance with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b), possession of a controlled substance[2] in violation of General Statutes § 21a-279 (c), possession of a controlled substance within 1500 feet of a school in violation of General Statutes § 21a-279 (d), possession of a controlled substance with intent to sell in violation of General Statutes § 21a-277 (b) and possession of a controlled substance with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b).

On appeal, the defendant claims that (1) the trial court improperly failed to instruct the jury, for purposes of the counts alleging violations of § 21a-278a (b), that the defendant had to have the intent to sell controlled substances within 1500 feet of a school, (2) there was

---

[1] The narcotic substance was cocaine.

[2] The controlled substance was marijuana.

insufficient evidence for the jury to find beyond a reasonable doubt that the defendant intended to sell marijuana within 1500 feet of a school, and (3) the trial court improperly imposed two consecutive mandatory three year sentences for the defendant's course of conduct in violating § 21a-278a (b), merely because such conduct involved two kinds of controlled substances. We affirm the judgment of the trial court.

The jury could have reasonably found the following facts. On August 16, 1996, Detective Anthony Martinez of the vice and narcotic division of the Hartford police department received an anonymous telephone call reporting a sale of crack cocaine at apartment 203 on 57 Sumner Street in Hartford. This is an area well known for drug dealing. Martinez, together with three other plainclothes detectives, went to the premises and knocked on the door. The defendant answered and asked Martinez what he wanted. Martinez told the defendant that he wanted "ten."[3] The defendant removed two bags from his pocket, one containing a green, plant-like substance and the other a white, rock-like substance. Martinez gave the defendant $10 and purchased the bag containing the white, rock-like substance. Immediately after the purchase, Martinez identified himself as a police officer, whereupon the defendant ran back into the apartment. Martinez pursued the defendant into the apartment and a struggle ensued. The defendant was apprehended and handcuffed. Martinez removed the following items from the defendant's pockets: one large bag containing fifty-two smaller bags of a green, plant-like substance,[4] another large bag containing sixteen smaller bags of a white,

---

[3] Martinez testified that in street parlance "ten" referred to the dollar value of the purchase.

[4] Joel Milzoff supervised tests at the state department of health toxicology laboratory, which confirmed that the fifty-two small bags contained marijuana.

rock-like substance,[5] the $10 paid by Martinez and an additional $169. Martinez observed the defendant remove a handgun from the waistband of his pants. The pistol was later recovered from the living room floor.

During the trial, the parties stipulated that apartment 203 at 57 Sumner Street was within 1500 feet of a school and that the defendant did not have a permit for a handgun.

I

The defendant's first claim[6] is that the trial court failed to instruct the jury that to be convicted under § 21a-278a (b) he had to have had the intent to sell the controlled substance within 1500 feet of a school. We disagree.

Despite having failed to preserve this claim for review, the defendant seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[7] This court has held that only under the most exceptional circumstances will it consider a claim, constitutional or otherwise, that has not been raised and decided by the trial court. *State* v. *Washburn*, 34 Conn. App. 557, 567, 642 A.2d 70, cert. denied, 230 Conn. 912, 645 A.2d 1017 (1994). However, "[i]t is . . . constitutionally axiomatic that the jury be instructed on the essential elements of a crime charged." *State* v. *Williamson*, 206

---

[5] Similar tests confirmed that the sixteen small bags contained crack cocaine.

[6] This claim is addressed to the two counts alleging violations of § 21a-278a (b).

[7] Under *Golding* an unpreserved claim of constitutional error is reviewable only if all of the following requirements are satisfied: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40.

Conn. 685, 708, 539 A.2d 561 (1988). "Consequently, the failure to instruct a jury on an element of a crime deprives a defendant of the right to have the jury told what crimes he is actually being tried for and what the essential elements of those crimes are." (Internal quotation marks omitted.) *State* v. *Denby,* 235 Conn. 477, 484, 668 A.2d 682 (1995). We agree with the defendant that "the jury instruction is subject to *Golding* review because the defendant raises a constitutional claim involving a fundamental right, and the record is adequate for review." Id., 483. We conclude, however, that the defendant's claim fails the third prong of *Golding* because the alleged constitutional violation does not clearly exist and did not clearly deprive the defendant of a fair trial.

Our Supreme Court has held that the intent to sell within 1500 feet of a school is an element of the crime. Id., 481. "[T]he plain language of § 21a-278a (b) requires as an element of the offense an intent to sell or dispense the narcotics at a location that is within 1000 feet of a school. The state is not, however, required to prove that the defendant knew that this location was within the zone."[8] Id., 482. While the defendant's knowledge as to his location is not an element of the offense, the state is required to prove that the defendant intended to sell or dispense those drugs in his possession in the location, which happens to be within 1500 feet of a school. Id. Thus, intent is an element required under § 21a-278a (b). The jury was specifically instructed[9] by

[8] Section 21a-278a (b) now defines the zone as within 1500 feet of a school.

[9] The jury charge provided in relevant part: "If you find the defendant guilty under the ninth count you will consider the three elements as set forth in the statute predicate to the application of § 21a-278a, subsection (b), of the General Statutes in the tenth count. These elements are, one, the defendant possessed a substance with the intent to sell that substance. Two, the substance was in fact a controlled substance. Three, that the possession of the controlled substance took place within 1500 feet of the real property comprising a public or private elementary or secondary school. Now whether the defendant . . . had violated § 21a-277 (b) within 1500 feet of a private or public elementary or secondary school are questions of

the trial court as to the elements of the offense, which included intent. The court's instruction that intent was a question of fact, and that the jury could draw reasonable and logical inferences from the evidence was proper and cannot be disturbed.

## II

The defendant's second claim is that the state failed to present sufficient evidence to support the jury's verdict convicting him of the charge of possession of marijuana with intent to sell within 1500 feet of a school in violation of § 21a-278a (b). The defendant is not disputing that he sold cocaine to Martinez at the premises where he was arrested. The site of his arrest was stipulated to be within 1500 feet of a school. The defendant is claiming that, although the defendant may have had a sufficient quantity of marijuana for the jury to infer that he had it for sale, there is not sufficient evidence to prove beyond a reasonable doubt where the defendant intended to sell the marijuana. We reject this claim.

The question of intent is generally proven by circumstantial evidence and "is purely a question of fact to be determined by the [trier of fact]." *State* v. *Adams*, 14 Conn. App. 119, 124, 539 A.2d 1022 (1988). "The jury can draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. *State* v. *Tatem*, 194 Conn. 594, 598, 483 A.2d 1087 (1984); *State* v. *Dumlao*, 3 Conn. App. 607, 616–17, 491 A.2d 404 (1985). *State* v. *Greene*, 11

fact for you to decide. And you may, as I have told you, draw reasonable and logical inferences from the evidence. If you find beyond a reasonable doubt each of the elements on the crime of possession of a controlled substance with the intent to sell that substance within 1500 feet of a public or private school in violation—public or private secondary or elementary school in violation of § 21a-278a, subsection (b), the General Statutes, then you shall find the defendant guilty. On the other hand, if you find that the state has failed to prove beyond a reasonable doubt any one of the elements you shall find the defendant not guilty under the tenth count."

Conn. App. 575, 579, 528 A.2d 855 (1987). An individual's intention may be inferred from his or her conduct; *State* v. *Smith,* 157 Conn. 351, 354, 254 A.2d 447 [1969]; *Kiernan* v. *Borst,* 144 Conn. 1, 6, 126 A.2d 569 [1956]; and intent is usually established by circumstantial evidence. *State* v. *Sul,* 146 Conn. 78, 87, 147 A.2d 686 [1958]; *State* v. *Nathan,* 138 Conn. 485, 488, 86 A.2d 322 [1952]. *State* v. *Avila,* 166 Conn. 569, 579, 353 A.2d 776 (1974). The question of intent is purely a question of fact to be determined by the jury. See *State* v. *Miller,* 202 Conn. 463, 486, 522 A.2d 249 (1987); *State* v. *Chace,* 199 Conn. 102, 105, 505 A.2d 712 (1986); *State* v. *Morrill,* 193 Conn. 602, 609, 478 A.2d 994 (1984)." (Internal quotation marks omitted.) *State* v. *Adams,* supra, 124–25. "The state of mind of one accused of a crime is often the most significant and, at the same time, the most elusive element of the crime charged. . . . Because it is practically impossible to know what someone is thinking or intending at any given moment, absent an outright declaration of intent, a person's state of mind is usually proven by circumstantial evidence . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Williams,* 202 Conn. 349, 356, 521 A.2d 150 (1987). This court has consistently held that "[a] person's intent is to be inferred from his conduct and the surrounding circumstances and is an issue for the [trier of fact] to decide." (Internal quotation marks omitted.) *State* v. *Nosik,* 245 Conn. 196, 208, 715 A.2d 673, cert. denied, 525 U.S. 1020, 119 S. Ct. 547, 142 L. Ed. 2d 455 (1998).

The defendant argues that unless the state presents direct evidence that he sold or attempted to sell marijuana out of apartment 203 on 57 Sumner Street, it cannot be inferred that he had *specific intent* to sell the marijuana. We disagree. First, the defendant resides at 41 Niles Street in Hartford. He was arrested with fifty-two small retail bags of marijuana at the apartment on Sumner Street. Additionally, the defendant showed

both marijuana and cocaine to Martinez when Martinez asked for a "ten." The jury, as the trier of fact, could reasonably infer that the defendant intended to sell both cocaine and marijuana at that location. When the conclusion is one that is dependent on the resolution of conflicting evidence, it should ordinarily be left to the jury for its judgment. *State* v. *Turner*, 24 Conn. App. 264, 268, 587 A.2d 1050, cert. denied, 218 Conn. 910, 591 A.2d 812 (1991). The conclusion on this evidence was properly left to the jury for its judgment. We find that there was sufficient evidence presented for the jury to find as it did.

### III

The defendant's final claim is that the sentence imposed by the trial court violated his right against double jeopardy. We disagree.

The defendant concedes that this double jeopardy claim was not properly preserved for appellate review. Regardless, the defendant argues that this court should review this claim under *State* v. *Golding*, supra, 213 Conn. 239–40. This claim meets the first two prongs of *Golding*, and it therefore is reviewable. *State* v. *Lemoine*, 39 Conn. App. 657, 663 n.8, 666 A.2d 824 (1995); The defendant's claim must fail, however, in that it does not satisfy the third prong of *Golding*. See *State* v. *Patrick*, 42 Conn. App. 640, 643–44, 681 A.2d 380 (1996).

"The double jeopardy clause of the fifth amendment to the United States constitution provides: [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb. The double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment. *Benton* v. *Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); *State* v. *Lonergan*, 213 Conn. 74, 78, 566 A.2d 677 (1989), cert. denied, 469 U.S. 905, 110 S. Ct. 2586, 110 L. Ed. 2d 267 (1990). This constitutional guar-

antee prohibits not only multiple trials for the same offense, but also multiple punishments for the same offense in a single trial. *Brown* v. *Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *State* v. *Anderson*, 212 Conn. 31, 35, 561 A.2d 897 (1989); *State* v. *John*, 210 Conn. 652, 693, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989). *State* v. *Greco*, 216 Conn. 282, 289–90, 579 A.2d 84 (1990).

"Although the Connecticut constitution does not include a specific double jeopardy provision, the due process guarantee of article first, § 9, of our state constitution has been held to encompass protection against double jeopardy. *Kohlfuss* v. *Warden*, 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962); see also *State* v. *Anderson*, 211 Conn. 18, 25 n.8, 557 A.2d 917 (1989). Nevertheless, we have not held that our state constitution affords any greater due process rights than those afforded under the federal constitution's double jeopardy clause. *State* v. *Laws*, 37 Conn. App. 276, 294–95, 655 A.2d 1131, cert. denied, 234 Conn. 907, 659 A.2d 1210 (1995)." (Internal quotation marks omitted.) *State* v. *Patrick*, supra, 42 Conn. App. 644.

The defendant's contention that the sentence of two consecutive terms of three years imprisonment for his conviction of each violation of § 21a-278a (b)[10] punishes him twice for the same offense is unavailing. "Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the

---

[10] The court vacated the defendant's sentences for possession of a narcotic substance, possession of a narcotic substance within 1500 feet of a school, possession of a controlled substance and possession of a controlled substance within 1500 feet of a school. The defendant was sentenced for possession of a narcotic substance, cocaine, with intent to sell; General Statutes § 21a-277 (a); and possession of a controlled substance, marijuana, with intent to sell. General Statutes § 21a-277 (b). He also received consecutive three year sentences under § 21a-278a (b) for committing those crimes within 1500 feet of a school.

same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) Id., 645. In this case, the charges do arise from the same drug transaction, but the charged crimes are for two distinct offenses under the same statutory provision. "The proper double jeopardy inquiry when a defendant is convicted of multiple violations of the same statutory provision is whether the legislature intended to punish the individual acts separately or to punish only the course of action which they constitute." (Internal quotation marks omitted.) *State* v. *Freeney*, 228 Conn. 582, 587, 637 A.2d 1088 (1994). "The issue, though essentially constitutional, becomes one of statutory construction." *State* v. *Rawls*, 198 Conn. 111, 120, 502 A.2d 374 (1985).

"In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *State* v. *Garvin*, 242 Conn. 296, 304–305, 699 A.2d 921 (1997). Our Supreme Court has held that the legislature did not intend to bar multiple punishments for the simultaneous possession of two different kinds of drugs. As the court has noted, "[b]ecause an obvious purpose of our drug statutes is to reduce the drug trade in Connecticut, multiple punishments for the sale of two different kinds of drugs is entirely consistent with the state drug policy." *State* v. *Hill*, 237 Conn. 81, 102, 675 A.2d 866 (1996). We find that the sentence imposed by the trial court did not violate the defendant's double jeopardy rights.

The judgment is affirmed.

In this opinion the other judges concurred.