STATE OF CONNECTICUT *v.* ALBERT PAGAN
(AC 26835)

Flynn, C. J., and DiPentima and McDonald, Js.

Argued January 4—officially released April 17, 2007

*Glenn W. Falk*, special public defender, with whom, on the brief, was *Caitlin McCann*, law student intern, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Brian K. Sibley, Sr.*, assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, C. J. The defendant, Albert Pagan, appeals from the judgment of conviction, following a jury trial, of sale of a narcotic substance in violation of General Statutes § 21a-277 (a) and sale of a narcotic substance within 1500 feet of a public elementary school in violation of General Statutes § 21a-278a (b). On appeal, the defendant claims that the trial court improperly denied his motion for a judgment of acquittal on the § 21a-278a (b) charge because the evidence was insufficient to

prove that the sale of the narcotic substance occurred within 1500 feet of a school. We disagree and, accordingly, affirm the judgment of the trial court.

The following evidence as to the sale was presented at the defendant's trial. On June 9, 2004, after witnessing apparent drug transactions at 210 Davenport Avenue, New Haven, members of the statewide cooperative crime control task force set up an undercover drug buy using Gustalvo Salas, a member of the state police. When Salas went to 210 Davenport Avenue to purchase heroin, Jose Rodriguez drove into the rear parking area of the building and, after exiting the vehicle, approached Salas. Salas asked Rodriguez who was "selling" and explained that he was looking for some drugs for his sister. Rodriguez then entered the back door of 210 Davenport Avenue and returned a short time later with the defendant. Rodriguez told Salas that the defendant would take care of him. Salas then purchased four bags of heroin from the defendant while standing near the back door of the building. This exchange was witnessed by Officer Christopher Perrone, of the New Haven police department, and other members of the task force who were observing Salas and the defendant from a vehicle parked on Baldwin Street, immediately adjacent to the parking area. After the heroin was field tested, the police returned to 210 Davenport Avenue in an attempt to ascertain the name of the defendant, who, when questioned, gave the name Albert Roman. After further investigation, the police learned the defendant's true identity and later obtained a warrant for his arrest. The defendant was charged with, and convicted of, sale of narcotics and sale of narcotics within 1500 feet of a school. This appeal followed.

On appeal, the defendant claims that the court improperly denied his motion for a judgment of acquittal on the § 21a-278a (b) charge because the evidence was insufficient to prove that the sale of the narcotic

substance occurred within 1500 feet of a school. We disagree.

In reviewing a sufficiency of the evidence claim, we apply a two part test. "First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Straub*, 90 Conn. App. 147, 153–54, 877 A.2d 866, cert. denied, 275 Conn. 927, 883 A.2d 1252 (2005).

"[Although] every element [of the crime must be] proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." (Internal quotation marks omitted.) *State* v. *Leon-Zazueta*, 80 Conn. App. 678, 682, 836 A.2d 1273 (2003), cert. denied, 268 Conn. 901, 845 A.2d 405 (2004).

To obtain a conviction under § 21a-278a (b), the state was required to prove that the defendant sold the drugs in a location that was within 1500 feet of a school. See *State* v. *White*, 64 Conn. App. 126, 132, 779 A.2d 776,

cert. denied, 258 Conn. 910, 782 A.2d 1251 (2001); see also *State* v. *Denby*, 235 Conn. 477, 482, 668 A.2d 682 (1995). Although the state was not required to prove that the defendant knew that the location of the sale was within this 1500 foot zone, the state was required to prove that the sale actually occurred at such a location. See *State* v. *Denby*, supra, 482; *State* v. *White*, supra, 132; *State* v. *Knight*, 56 Conn. App. 845, 850, 747 A.2d 13 (2000).

We next turn to the evidence relevant to the location of the narcotics sale that was offered at trial. First, Perrone testified that he had witnessed the narcotics sale between the defendant and Salas in the parking lot area of the building, near the back door of 210 Davenport Avenue. Perrone also testified unequivocally and without objection or challenge that the sale occurred within 1500 feet of the Vincent E. Mauro School. This testimony alone would have been enough to satisfy the location element of the crime. See *State* v. *Jeffreys*, 78 Conn. App. 659, 678–81, 828 A.2d 659, cert. denied, 266 Conn. 913, 833 A.2d 465 (2003). After testifying that the Vincent E. Mauro School was located within 1500 feet of the sale location, Perrone also stated that he believed that the Roberto Clemente School was within 1500 feet of the sales location, but the charge against the defendant related only to the Vincent E. Mauro School.

Although the evidence offered by Perrone was sufficient to establish the location of the sale within 1500 feet of the Vincent E. Mauro School, nonetheless, the state introduced other evidence from which the jury could have drawn the same conclusion as to the required proximity to the Vincent E. Mauro School using reasonable inferences. Anwar Houwair, an engineer for the city of New Haven, testified that he devised a map that would enable the court and the jury to view the entire area in question. The map was a compilation of

several maps from 1968 and 1973, with updates until 1994. Houwair further testified that this composite map was drawn to scale and that every inch on the map represented forty feet. The streets had not changed since the original maps were developed, but the existing buildings were not fairly represented in this composite map. Overall, however, this composite map fairly and accurately represented the area. Houwair explained to the jury how he measured the distance between 210 Davenport Avenue and the Vincent E. Mauro School and that the distance between these two points was 1180 feet. The composite map was admitted into evidence and was before the jury.

The composite map, which is roughly three feet by four feet in size, illustrates an approximate twenty-nine and one-half inch span between 210 Davenport Avenue and the Vincent E. Mauro School, which, in harmony with Houwair's testimony, equals 1180 feet. The area comprising 210 Davenport Avenue is enveloped in a red circle on the composite map, with a large red "X" marking the front center of 210 Davenport Avenue. These markings were placed there by Houwair during his court testimony to denote the area for the jury. The entire circular area is no more than three inches from the front center of the building where Houwair placed the "X."

Several photographs of 210 Davenport Avenue and the rear and side parking lot area also were put into evidence. These photographs depict a large apartment building from several different viewpoints. Some show the front of the building, while others show a side and rear view of the building and the parking lot area. From the side view, the building is shaped like the number seven, with parking along the back of one part of the building and the side of another part of the building. During his testimony, Perrone was asked to mark with a yellow "X" on one of the photographs the precise

location where the transaction between Salas and the defendant occurred, which he did by placing an "X" at the spot immediately behind a back door located at the widest part of the building. When viewing the photographs that depict the side view of the building, one readily can estimate the depth of the building from the front to the back, especially when that depth is considered in relation to the automobiles that are pictured in the parking area that runs alongside that part of the building.

The defendant contends that, although Houwair testified that the distance between the front of 210 Davenport Avenue and the Vincent E. Mauro School was 1180 feet, he did not testify, nor did anyone else testify, as to the distance from the parking area where the sale occurred to the front of the building or to the school. Accordingly, he argues, the state did not prove an essential element of the crime, i.e., that the sale of the narcotics occurred within 1500 feet of a school. To support this claim, the defendant cites several federal court cases, in which the protected school zone was 1000 feet and in which the government failed to meet its burden of proof because it did not provide evidence of the exact measurement between the location of the narcotics sale and the school. See, e.g., *United States* v. *Soler*, 275 F.3d 146, 154 (1st Cir.) (distance from rear entrance of building to corner of school was 963 feet but no evidence as to distance between rear entrance and third floor landing where drug transaction took place), cert. denied, 535 U.S. 1071, 122 S. Ct. 1948, 152 L. Ed. 2d 851 (2002); *United States* v. *Applewhite*, 72 F.3d 140, 143 (D.C. Cir. 1995) (distance from school to entrance of multiunit apartment building was 920.2 feet), cert. denied sub nom. *Branch* v. *United States*, 517 U.S. 1227, 116 S. Ct. 1864, 134 L. Ed. 2d 962 (1996); *United States* v. *Johnson*, 46 F.3d 1166, 1169 (D.C. Cir. 1995) (distance from school "to a point five feet up

the walkway to [the defendant's] house" was 994 feet). These cases, however, all concerned areas where the sale reasonably might have occurred outside of the protected school zone. As explained by the United States Court of Appeals for the District of Columbia Circuit in *United States* v. *Glover*, 153 F.3d 749 (D.C. Cir. 1998), in *Johnson* and *Applewhite*, the Court of Appeals "concluded that the jury could not reasonably infer that if the remaining, unmeasured distance were added, the total would still be less than 1000 feet. The leeway for error was simply too small." Id., 756.

The *Glover* court contrasted the facts of that case, which are analogous to those in the present case, with *Johnson* and *Applewhite* and explained that in *Glover*, "after taking account of the distance between the school and the store's front door, the government still had 326 feet to spare. Hence, unless the distance between the convenience store's front door and its basement was more than the length of a football field, the drug transactions took place within the prohibited 1000 feet. A reasonable juror, using ordinary common sense, could conclude that a convenience store in a residential neighborhood is extremely unlikely to be larger than a football field. See *United States* v. *Harrison*, 101 F.3d 984, 990 (D.C. Cir. 1997) (where distance from school to building entrance was 472 feet, jury could reasonably conclude that additional distance to apartment did not exceed 528 feet); *United States* v. *Baylor*, 97 F.3d 542, 546–47 (D.C. Cir. 1996) (where distance from school to building was 534 feet, jury could reasonably conclude additional distance to basement apartment did not exceed 466 feet). Indeed, common sense was not all the jurors had to rely on here. During the trial, the jury saw several videotapes showing both the inside and outside of [the] store, and also had the benefit of a diagram of the neighborhood that could be used to roughly compare the size of the entire store to the

distance between the store and the school." *United States* v. *Glover*, supra, 153 F.3d 756.

Similarly, in the present case, the jury had before it the testimony of Perrone that the sale had occurred at the back door of the building, which he testified was within the statutorily required 1500 feet of a school. The jury also had the testimony of Houwair that the front of the building was 1180 feet from the school. Using that testimony along with the photographs and the composite map, the jury easily could have discerned that the distance between the rear door, where the sale occurred, and the front of the building, which was 1180 feet from the Vincent E. Mauro School, was not more than 100 feet. Indeed, this is not a case in which the leeway for calculating the distance was small. Using the composite map, the area falling within the school zone would extend another eight inches, or 320 feet, from the front of 210 Davenport Avenue before reaching 1500 feet. It is clear from viewing the photographs that the area from the front of the building to the back door and the parking area was no more than 100 feet or two and one-half inches on the composite map.

In *State* v. *Lewis*, 67 Conn. App. 643, 647, 789 A.2d 519, cert. denied, 261 Conn. 938, 808 A.2d 1133 (2002), the state presented expert testimony that the distance from the southeast corner of the subject property to the northwest corner of an elementary school was 1430 feet. The expert, however, had not testified as to the distance of the exact location of the narcotics sale. Nevertheless, because the state had introduced a photograph of the property into evidence, which illustrated the location of the narcotics sale, we concluded that the jury reasonably could have deduced the distance and inferred that the sale of the narcotics was committed within 1500 feet of a public elementary school. See id. Acknowledging that it would have been preferable for the state to have measured the entire distance from

the property line of the school to the point of sale, we, nonetheless, concluded that the absence of that exact measurement did not prohibit the jury from looking at the evidence and making a reasonable evaluation that the distance to the point of sale was not more than seventy feet. See id., 648. Certainly, in the present case, the jury reasonably could have concluded, on the basis of the evidence, that the rear parking lot was not more than 320 feet from the front of the building.

Furthermore, Perrone had testified before the jury, unequivocally and without objection or challenge, that the place of sale was within 1500 feet of the Vincent E. Mauro School.

We conclude that the jury had sufficient evidence before it to conclude that the defendant sold narcotics within 1500 feet of a public school.

The judgment is affirmed.

In this opinion the other judges concurred.