## STATE OF CONNECTICUT *v.* CARLOS DELEON
### (AC 18214)

Foti, Landau and Stoughton, Js.

Argued March 30—officially released July 27, 1999

*Robert S. Reger*, special public defender, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David P. Gold*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, Carlos DeLeon, appeals from the judgment of conviction, rendered after a jury trial, of one count of risk of injury to a child in violation of General Statutes (Rev. to 1991) § 53-21.[1] The defendant was acquitted of one count of sexual assault in the first degree in violation of General Statutes (Rev. to 1991) § 53a-70 (a) (2).[2] On appeal, the defendant claims that (1) on the facts of this case, charging him with both the count of risk of injury to a child and sexual assault in the first degree constituted double jeopardy, (2) the state failed to present sufficient evidence to establish his guilt beyond a reasonable doubt and (3) the trial court improperly required him

[1] General Statutes (Rev. to 1991) § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[2] General Statutes (Rev. to 1991) § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with a person under thirteen years of age."

to register as a sex offender pursuant to General Statutes § 54-102r (b) upon his release from incarceration.[3] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The victim's family was well acquainted with the defendant's family, and the victim spent a substantial amount of time with the defendant. Between July 22, 1991, and July 21, 1993, the defendant, who was twenty-seven years old in July, 1991, took the victim, who was born on July 22, 1980, to his home and on four separate occasions had sexual intercourse with her.[4]

The defendant directed the victim "not to tell nobody" about their sexual activity and also told her never to write about their sexual activity in a diary. The victim maintained her silence about her sexual activity with the defendant until 1996, in part because she feared the ramifications of revealing the incidents and in part because she was uncertain that the defendant's behavior was improper because he had never forced her to engage in the sexual activity. The victim reported the incidents in 1996 to Martha Reisman, a psychiatric social worker, while being treated at the Yale Psychiatric Institute.

The state originally filed a long form information containing eight counts, which was later amended to contain only the two counts previously mentioned. Each count of the amended information alleged that the defendant had engaged in sexual intercourse with the victim. The jury convicted the defendant of the count of risk of injury to a child and acquitted him of the count of sexual assault in the first degree. This appeal followed.

[3] The defendant raised this claim for the first time on appeal. We need not review it, however, because defense counsel withdrew the claim at oral argument, with the consent of his client.

[4] The statutes in question were not amended between 1991 and 1993 as they relate to the charges brought in this case.

## I

The defendant first claims that the second count, charging risk of injury to a child, violated his federal and state constitutional right against double jeopardy. The defendant asserts that, as charged, the second count was "practically indistinguishable" from the first count, which charged sexual assault in the first degree in violation of § 53a-70 (a) (2). This claim is without merit.

"The double jeopardy clause of the fifth amendment to the United States constitution provides: [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb. The double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment. *Benton* v. *Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); *State* v. *Lonergan*, 213 Conn. 74, 78, 566 A.2d 677 (1989), cert. denied, 496 U.S. 905, 110 S. Ct. 2586, 110 L. Ed. 2d 267 (1990)." (Internal quotation marks omitted.) *State* v. *Otto*, 50 Conn. App. 1, 17–18, 717 A.2d 775, cert. denied, 247 Conn. 927, 719 A.2d 1171 (1998). While our state constitution does not contain a specific double jeopardy provision, our Supreme Court has held that "the due process guarantees of article first, § 9, include protection against double jeopardy." *State* v. *Chicano*, 216 Conn. 699, 706, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991). Indeed, our Supreme Court has held that "as a general rule, the due process clauses of both the United States and Connecticut constitutions have the same meaning and impose similar limitations." (Internal quotation marks omitted.) *State* v. *Adams*, 38 Conn. App. 643, 655, 662 A.2d 1327, cert. denied, 235 Conn. 908, 665 A.2d 902 (1995). "This constitutional guarantee prohibits not only multiple trials for the same offense, but also multiple punishments for the same offense in a single trial. . . . *State* v. *Patrick*, 42 Conn.

App. 640, 644, 681 A.2d 380 (1996)." (Internal quotation marks omitted.) *State* v. *Otto*, supra, 18.

The defendant claims that he was subjected to double jeopardy because in charging the statutory offenses involved, sexual assault in the first degree and risk of injury to a child, the state alleged that he engaged in sexual intercourse with the victim. The defendant, however, was convicted and punished only for one of the offenses, risk of injury to a child.

Our analysis is controlled by *State* v. *Gross*, 35 Conn. App. 631, 646 A.2d 933, cert. denied, 231 Conn. 932, 649 A.2d 254 (1994). In *Gross*, the defendant was charged with one count of operating a motor vehicle while under the influence of intoxicating liquor and one count of operating a motor vehicle while the ratio of alcohol in his blood was in excess of 0.10 percent. The defendant in *Gross* was convicted of one of the charges. We held that the prohibition against double jeopardy is not implicated where there has been only one trial and the defendant has been convicted of, and sentenced on, only one offense. Id., 636.

The constitutional prohibition against double jeopardy forbids (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction and (3) multiple punishments for the same offense. *State* v. *Lonergan*, supra, 213 Conn. 78–79. In the present case, the defendant was not subjected to either a second prosecution or to multiple punishments. Accordingly, we conclude that the defendant was not subjected to double jeopardy.

II

The defendant next claims that the state presented insufficient evidence to establish beyond a reasonable doubt that the defendant committed the offense of risk of injury to a child. We disagree.

In reviewing a sufficiency of the evidence claim, it is well established that we first construe the evidence in the light most favorable to sustaining the verdict and then determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence establish guilt beyond a reasonable doubt. *State* v. *Forde*, 52 Conn. App. 159, 163, 726 A.2d 132 (1999). The relevant question for this court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . *State* v. *Boykin*, 27 Conn. App. 558, 563–64, 609 A.2d 242, cert. denied, 223 Conn. 905, 610 A.2d 179 (1992)." (Internal quotation marks omitted.) *State* v. *Radzvilowicz*, 47 Conn. App. 1, 17–18, 703 A.2d 767, cert. denied, 243 Conn. 955, 704 A.2d 806 (1997).

In advancing his claim, the defendant attacks the victim's credibility at trial. He claims that the victim's testimony was "questionable" evidence that could not form a sufficient basis for the jury's verdict. It is "the absolute right and responsibility of the jury to weigh conflicting evidence and to determine the credibility of witnesses." (Internal quotation marks omitted.) *State* v. *Madore*, 45 Conn. App. 512, 516, 696 A.2d 1293 (1997). Moreover, "[w]e have constantly held to the rule that we will not judge the credibility of witnesses or substitute our judgment for that of the trial court." *Shearn* v. *Shearn*, 50 Conn. App. 225, 231, 717 A.2d 793 (1998). We, therefore, find this claim to be without merit.

The defendant was charged with committing an act "likely to impair the health or morals of a child under the age of sixteen years, (to wit: [the defendant] engaged in sexual intercourse with the [victim])," in violation of § 53-21.[5] The victim testified that, when she was

---

[5] See footnote 1.

eleven or twelve years old, the defendant took her to his home and had sexual intercourse with her on four separate occasions. The victim further testified that on each occasion, the defendant "put his penis into [her] vagina."

We may not substitute our judgment for that of the jury if there is sufficient evidence to support the jury's verdict. *State* v. *Mejia*, 233 Conn. 215, 224, 658 A.2d 571 (1995). After reviewing the record, we conclude that the evidence presented at trial was sufficient to establish the essential elements of the crime and was, therefore, sufficient to support the defendant's conviction of risk of injury to a child.

The judgment is affirmed.

In this opinion the other judges concurred.