# STATE OF CONNECTICUT *v.* KIRK R.[1]
## (SC 16940)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

[1] In accordance with the spirit of General Statutes § 54-86e, as amended by Public Acts 2003, No. 03-202, § 15, and this court's policy of protecting the privacy interests of victims in sexual abuse matters, we will not use the defendant's full name or the names of the victims in this opinion.

Argued March 11—officially released October 19, 2004

*Donald D. Dakers*, special public defender, with whom was *Jason Cyrulnik*, law student intern, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Stephen J. Sedensky III*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BORDEN, J. The defendant appeals, following our grant of certification,[2] from the judgment of the Appellate Court affirming the trial court's judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the first degree in violation of General Stat-

[2] We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly determine that the provisions of General Statutes § 53a-70 (b), which provides for a mandatory minimum sentence of ten years imprisonment upon conviction of sexual assault in the first degree if the victim is under ten years of age, was not a sentencing enhancement statute so that a jury finding that the victims were under ten years of age was not required?" *State* v. *Kirk R.*, 262 Conn. 950, 817 A.2d 110 (2003).

utes (Rev. to 1997) § 53a-70 (a) (2),[3] and two counts of risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2).[4] The defendant claims that the Appellate Court improperly concluded that § 53a-70 (b), which provides for a mandatory minimum sentence of ten years imprisonment if the victim is less than ten years of age, did not require a finding by the jury, as opposed to a finding by the sentencing court, that the victims were in fact less than ten years of age.[5] We agree with the defendant that the issue of whether the victims were less than ten years of age should have been submitted to the jury. We affirm the judgment of the Appellate Court, however, because we conclude that the absence of such a jury finding in the present case was harmless beyond a reasonable doubt.

The defendant, Kirk R., was charged with two counts of sexual assault in the first degree and two counts

[3] General Statutes (Rev. to 1997) § 53a-70 provides: "(a) A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person, or (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person, or (3) commits sexual assault in the second degree as provided in section 53a-71 and in the commission of such offense is aided by two or more other persons actually present.

"(b) Sexual assault in the first degree is a class B felony for which one year of the sentence imposed may not be suspended or reduced by the court or, if the victim of the offense is under ten years of age, for which ten years of the sentence imposed may not be suspended or reduced by the court."

Because the conduct for which the defendant was convicted occurred between July, 1997, and September, 1998, we refer to the revision of § 53a-70 as it existed at that time.

[4] The convictions under General Statutes (Rev. to 1997) § 53-21 (2) are not relevant to this appeal.

[5] For the sake of clarity, and as we discuss later in this opinion, this claim is legally equivalent to a claim that the trial court improperly omitted an element of the offense in its instructions to the jury. See *State* v. *Velasco*, 253 Conn. 210, 232, 751 A.2d 800 (2000).

of risk of injury to a child in connection with certain incidents involving his minor stepdaughters, Z and F. The jury found the defendant guilty of all charges and the trial court rendered judgment of conviction in accordance with the verdict. The trial court, relying on § 53a-70 (b), imposed ten years of the defendant's fifteen year sentence of confinement as a mandatory minimum sentence.[6] The defendant appealed to the Appellate Court, claiming, among other things, that the trial court should not have imposed the ten year mandatory minimum sentence under § 53a-70 (b) without first submitting the question of the victims' ages to the jury. *State* v. *Kirk R.*, 74 Conn. App. 376, 379, 812 A.2d 113 (2002). The Appellate Court affirmed the judgment of the trial court, concluding that the question of whether the victims were less than ten years of age was not an element of the crime, but merely a sentencing factor properly determined by the trial court. Id., 386. This certified appeal followed.

The following facts and procedural history are relevant to this appeal. The information on which the defendant was charged, alleged, among other things, the following: "[D]uring the time period of approximately July, 1997 through approximately September, 1998 . . . [the defendant] engaged in sexual intercourse with

---

[6] "[T]he trial court sentenced the defendant to a term of twenty years incarceration, suspended after fifteen years, followed by thirty-five years of probation on the first count, which alleged violations of General Statutes (Rev. to 1997) § 53a-70 (a) (2), ten years suspended with thirty-five years of probation on the second count, which alleged risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2), twenty years suspended after fifteen years followed by thirty-five years of probation on count three, which alleged a violation of § 53a-70 (a) (2), and ten years suspended with thirty-five years probation on the fourth count, which alleged risk of injury to a child in violation of § 53-21 (2). The sentences on the first and third counts were ordered to be concurrent, and the sentences on counts two and four were ordered to be consecutive to each other and to the sentences on counts one and two." *State* v. *Kirk R.*, 74 Conn. App. 376, 378 n.2, 812 A.2d 113 (2002).

another person and such other person was under thirteen (13) years of age, in violation of § 53a-70 (a) (2) . . . ." In its instructions to the jury, the trial court stated: "A person is guilty of sexual assault in the first degree when such person engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person. The statute sets up three elements which must be established beyond a reasonable doubt in order to justify a verdict of guilty. . . . The second element of the offense charged is that the sexual intercourse was with a person [who] was under thirteen. That is, as she had not yet reached her thirteenth birthday at the time of the sexual intercourse. . . . There is no requirement that the state prove that intercourse was done by force or even without consent of the other person. . . . The only requirements are that the accused engaged in sexual intercourse with another person who was under thirteen and the defendant was more than two years older than that person." The jury found the defendant guilty as charged.

Thereafter, at the sentencing hearing, the trial court, acknowledging that it was required to impose a mandatory minimum sentence of ten years for the two counts of sexual assault in the first degree, sentenced the defendant to a period of incarceration beyond that mandatory minimum period.[7] See footnote 6 of this opinion. The defendant appealed to the Appellate Court claiming, among other things, that the trial court committed plain error by imposing a ten year mandatory minimum sentence under § 53a-70 (b) without submitting the question of the victims' ages to the jury.[8] *State* v. *Kirk R.*,

---

[7] The defendant's counsel also acknowledged the application of the ten year mandatory minimum sentence to the defendant, and requested that the court not impose any period of incarceration beyond that mandatory period.

[8] Because the defendant conceded that his claim was not properly preserved at trial, and was not of constitutional magnitude, he sought to prevail under the plain error doctrine. *State* v. *Kirk R.*, supra, 74 Conn. App. 379–80.

supra, 74 Conn. App. 379. Relying primarily on *Harris* v. *United States*, 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002), the Appellate Court reasoned that, because § 53a-70 (b) does not increase the potential maximum sentence for a conviction of sexual assault in the first degree, but specifies the minimum sentence in instances in which the victim is less than ten years of age, the question of whether the victims were less than ten years of age did not constitute a "sentencing enhancement," which ordinarily must be submitted to the jury. *State* v. *Kirk R.*, supra, 385. Instead, the Appellate Court concluded that the issue of whether the victims were less than ten years of age constituted a "sentencing factor," and, therefore, the trial court did not commit plain error by failing to submit that issue to the jury.[9] Id., 386. Accordingly, the Appellate Court affirmed the trial court's judgment of conviction. Id., 391.

The defendant claims that the Appellate Court improperly concluded that § 53a-70 (b), does not require a finding by the jury that the victim was less than ten years of age. Specifically, the defendant contends that, under *State* v. *Velasco*, 253 Conn. 210, 218, 751 A.2d 800 (2000),[10] irrespective of whether § 53a-70 (b) constitutes

---

[9] The Appellate Court also noted that, although "the legislative debate . . . [did] not reveal any evident legislative intent" behind the mandatory minimum sentencing provision; (internal quotation marks omitted) *State* v. *Kirk R.*, supra, 74 Conn. App. 384; the fact that "the legislature added the aggravating factor to the sentencing portion of the statute, separated from the substantive elements of the crime . . . suggests an implicit intent to make the age of the victim a sentencing factor." Id.

[10] In *State* v. *Velasco*, supra, 253 Conn. 217–18, we determined that it was not the legislature's intent to eliminate the jury's role as fact finder during an application of General Statutes § 53-202k, which authorizes a nonsuspendable five year addition to the sentence of a defendant who is convicted of an underlying class A, B or C felony with a firearm. Accordingly, we held that § 53-202k requires the jury, and not the trial court, to determine whether a defendant uses a firearm in the commission of a class A, B or C felony for purposes of the enhancement. Id., 218. We also noted, however, that the trial court's failure to allow the jury to make such factual determinations was amenable to harmless error analysis. Id., 232–33; see also *State* v. *Davis*,

a sentencing enhancement or a sentencing factor, the proper inquiry centers on legislative intent, and that basic tools of statutory construction reveal that the legislature intended for the jury to determine whether the victim of a sexual assault under § 53a-70 (a) was less than ten years of age.[11] The state argues, on the other hand, that the legislature did not intend to make the question of whether the victim was less than ten years of age an element of § 53a-70 (a), nor did the legislature intend "to expand the length of incarceration . . . proscribed by the statute." Thus, the state contends, the Appellate Court correctly construed § 53a-70 (b) as a sentencing factor properly decided by the trial court. In the alternative, the state argues that any impropriety in the present case constituted harmless error because the ages of the victims were not challenged and were "supported by overwhelming evidence."

We agree with the defendant that the legislature intended for the jury, and not for the sentencing court, to determine whether the victim of a sexual assault

255 Conn. 782, 793–94, 777 A.2d 559 (2001) (discussing *Velasco*). Although § 53a-70 (b) does not necessarily enhance the penalty for a violation of § 53a-70 (a), but rather imposes a mandatory minimum sentence; see footnote 11 of this opinion; *Velasco* nonetheless informs our resolution of the present case.

[11] The defendant concedes that, because § 53a-70 (b) establishes a mandatory minimum sentence and does not increase the maximum penalty for a conviction under § 53a-70 (a), the legislature would not have been constitutionally prohibited from removing the question of whether the victim was less than ten years of age from the jury. See *Harris* v. *United States*, supra, 536 U.S. 567 ("Read together, *McMillan* [v. *Pennsylvania*, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986)] and *Apprendi* [v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)] mean that those facts setting the outer limits of a sentence, and of the judicial power to impose it, are the elements of the crime for the purposes of the constitutional analysis. Within the range authorized by the jury's verdict, however, the political system may channel judicial discretion—and rely upon judicial expertise—by requiring defendants to serve minimum terms after judges make certain factual findings.").

under § 53a-70 (a) was less than ten years of age, and, consequently, the trial court improperly imposed the ten year mandatory minimum sentence under § 53a-70 (b) without having first instructed the jury that it must find that the victims were less than ten years of age. We agree with the state, however, that the trial court's failure to do so in the present case was harmless beyond a reasonable doubt.

As an initial matter, we note that the defendant did not object to the trial court's failure to instruct the jury that it must find that the victims in the present case were less than ten years of age. As a result, the defendant seeks to prevail under either *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[12] or the plain error doctrine contained in Practice Book § 60-5.[13] Essentially, the defendant claims that he was deprived

---

[12] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40. "The first two steps in the *Golding* analysis address the reviewability of the claim, while the last two steps involve the merits of the claim. . . . In the absence of any one of the four *Golding* conditions, the defendant's claim will fail." (Citation omitted; internal quotation marks omitted.) *State* v. *Andresen*, 256 Conn. 313, 325, 773 A.2d 328 (2001). "The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." *State* v. *Golding*, supra, 240.

[13] Practice Book § 60-5 provides in relevant part: "The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law.

"The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . .

"It is the responsibility of the appellant to provide an adequate record for review as provided in Section 61-10."

of a jury determination regarding an element of § 53a-70 (a). It is well settled that a criminal defendant is constitutionally entitled "to a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." (Internal quotation marks omitted.) *Apprendi* v. *New Jersey*, 530 U.S. 466, 477, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); see *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970) ("[d]ue [p]ocess [c]lause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"); *Duncan* v. *Louisiana*, 391 U.S. 145, 149, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968) (sixth amendment right to trial by jury extended to states through due process clause of fourteenth amendment); see also *Sullivan* v. *Louisiana*, 508 U.S. 275, 277–78, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993) (explaining *In re Winship* and *Duncan*). Accordingly, because the defendant's claim is one of constitutional magnitude, and because there is no dispute that the record is adequate for review, the defendant properly may seek to prevail under *Golding*.[14]

---

[14] Although the defendant did not seek to prevail under *Golding* in the Appellate Court, the court nonetheless stated that "his claim is not one of constitutional magnitude alleging a violation of a constitutional right . . . and therefore fails to satisfy the second prong of *Golding*." (Citation omitted; internal quotation marks omitted.) *State* v. *Kirk R.*, supra, 74 Conn. App. 379–80. On the basis of the foregoing discussion, we disagree with that determination. See also *State* v. *Denby*, 235 Conn. 477, 483–84, 668 A.2d 682 (1995) (applying *Golding* to claim that trial court failed to instruct jury on element of crime).

We also disagree with the Appellate Court's determination that the defendant's claim was *reviewable* "under the plain error doctrine as set forth in *State* v. *Velasco*, [supra, 253 Conn. 218–19 n.9]." *State* v. *Kirk R.*, supra, 74 Conn. App. 380. "[T]he plain error doctrine, which is now codified at Practice Book § 60-5 . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court *invokes* in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless *requires reversal of the trial court's judgment*, for reasons of policy." (Emphasis added; internal quotation marks omitted.) *State* v. *Cobb*, 251 Conn. 285, 343 n.34, 743 A.2d 1 (1999), cert. denied, 531 U.S. 841, 121 S. Ct. 106, 148 L. Ed. 2d 64 (2000). In addition,

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Apprendi* v. *New Jersey*, supra, 530 U.S. 490. "[T]he statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. . . .* In other words, the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Blakely* v. *Washington*, 542 U.S. 296, 303–304, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).[15] A trial court

the plain error doctrine "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Citations omitted; internal quotation marks omitted.) *State* v. *Toccaline*, 258 Conn. 542, 552–53, 783 A.2d 450 (2001). Implicit in this very demanding standard is the notion, explained previously, that invocation of the plain error doctrine is reserved for occasions requiring the reversal of the judgment under review. Although we invoked the plain error doctrine in *State* v. *Velasco*, supra, 218–19 n.9, we also reversed the trial court's judgment of conviction after concluding that the instructional impropriety was *not* harmless beyond a reasonable doubt. Id., 236. The instructional impropriety in the present case, however, was harmless beyond a reasonable doubt. Thus, because the defendant's claim does not mandate a reversal of the trial court's judgment, the present case is not an appropriate occasion in which to invoke the plain error doctrine.

[15] After oral argument in the present case, the United States Supreme Court decided *Blakely* v. *Washington*, supra, 542 U.S. 299, wherein it held unconstitutional, in violation of the *Apprendi* rule, Washington's sentencing guideline scheme that permitted a court to impose an " 'exceptional' " sentence if it finds " 'substantial and compelling reasons' " to justify such a departure. In *Blakely*, the defendant pleaded guilty to kidnapping in the second degree and, pursuant to his plea agreement, the state recommended a sentence within the standard sentencing range of forty-nine to fifty-three months. Id., 300. The trial court sentenced the defendant to ninety months, however, because it found that the defendant had acted with " 'deliberate cruelty.' " Id. Because the finding of " 'deliberate cruelty,' " which increased

is free to determine a fact that triggers a mandatory minimum sentence, however, because such a "finding merely require[s] the judge to impose 'a specific sentence within the range authorized by the jury's finding that the defendant [was] guilty.' " *Harris* v. *United States,* supra, 536 U.S. 563–64; see *McMillan* v. *Pennsylvania,* 477 U.S. 79, 88, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986) (mandatory minimum sentencing provision "operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it"). The defendant does not dispute that § 53a-70 (b) creates a mandatory minimum sentencing provision and does not *increase,* in an *Apprendi* sense, the statutorily authorized penalty for the underlying crime. See footnote 11 of this opinion. Thus, it is undisputed that the legislature was not constitutionally prohibited from permitting the sentencing court, as opposed to a jury, to determine whether a victim of sexual assault in violation of § 53a-70 (a) was less than ten years of age.

Nevertheless, there is nothing that *prevents* our legislature from requiring the jury to make a finding in order to oblige a trial court to impose a mandatory minimum sentence—indeed it has done so in a similar context. See, e.g., General Statutes §§ 53a-59a, 53a-60b, 53a-60c and 53a-61a (mandatory minimum sentence for assault if victim was at least sixty years of age). Accordingly, the United States Supreme Court, as well as this court,

---

the defendant's sentence beyond the standard range, was neither stipulated to by the defendant nor found by a jury, the defendant's sentence violated his sixth amendment right to a jury trial. Id., 303–304. As the foregoing discussion makes clear, *Blakely* does not alter our analysis in the present case because: (1) the present case involves a factual finding that triggers the imposition of a mandatory minimum sentence *within* the prescribed statutory range of penalties available to the sentencing court; see footnote 17 of this opinion; and (2) we nonetheless conclude, on the basis of the legislative history of § 53a-70 (a), that the jury should have made the findings that the victims in the present case were less than ten years or age.

has expressed that the first step in determining whether a particular statutory provision constitutes an element of an offense or merely a sentencing factor presents a question of statutory interpretation.[16] See *Harris* v. *United States*, supra, 536 U.S. 552; *State* v. *Velasco*, supra, 253 Conn. 220–21. "Statutory construction is a question of law and, therefore, our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . .

"Several additional tenets of statutory construction guide our interpretation of a penal statute. . . . [C]riminal statutes are not to be read more broadly than their language plainly requires and ambiguities are ordinarily to be resolved in favor of the defendant. . . . [U]nless a contrary interpretation would frustrate an evident legislative intent, criminal statutes are governed by the fundamental principle that such statutes are strictly

---

[16] We are aware, of course, that the legislature recently imposed the method by which this court is to interpret statutes. Number 03-154, § 1, of the 2003 Public Acts provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." The text of § 53a-70 (b) does not address whether the jury or the trial court is to determine whether the victim of a sexual assault is less than ten years of age. In addition, neither party contends that the statutory text at issue is plain and unambiguous, and both parties have relied on the legislative history of § 53a-70 (b) in support of their positions. Accordingly, Public Act 03-154 does not govern our interpretation of § 53a-70 (b), and, therefore, our analysis may properly consider sources of meaning in addition to the text of § 53a-70 (b). See *Ames* v. *Commissioner of Motor Vehicles*, 267 Conn. 524, 532, 839 A.2d 1250 (2004).

construed against the state." (Citations omitted; internal quotation marks omitted.) *State* v. *Velasco*, supra, 253 Conn. 219–20.

We begin our analysis with "the language of the statute, because that is the most important factor to be considered." *State* v. *Courchesne*, 262 Conn. 537, 577, 816 A.2d 562 (2003). The structure of § 53a-70 suggests that the legislature did not intend the factual predicate of the ten year mandatory minimum sentence, that the victim was less than ten years of age, to be an element of first degree sexual assault. At the time of the acts alleged in the present case, General Statutes (Rev. to 1997) § 53a-70 (a) provided in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ." General Statutes (Rev. to 1997) § 53a-70 (b) provided: "Sexual assault in the first degree is a class B felony[17] for which one year of the sentence imposed may not be suspended or reduced by the court or, if the victim of the offense is under ten years of age, for which ten years of the sentence imposed may not be suspended or reduced by the court." Structurally speaking, § 53a-70 (a) (2) sets forth the elements of the offense of sexual assault in the first degree, namely, that the actor: (1) engages in sexual intercourse; (2) with a person less than thirteen years of age; and (3) the actor is more than two years older than the victim. Thus, the age of the victim *is* an element of the offense of sexual assault in the first degree, but

---

[17] A class B felony has a maximum penalty of twenty years imprisonment. See General Statutes § 53a-35a, which provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and the term shall be fixed by the court as follows . . . (5) for a class B felony other than manslaughter in the first degree with a firearm under section 53a-55a, a term not less than one year nor more than twenty years . . . ."

only, at least explicitly, inasmuch as the state is required to prove that the victim was less than *thirteen* years of age.

Indeed, the fact that the ten year mandatory minimum sentence provision of General Statutes (Rev. to 1997) § 53a-70 is contained in subsection (b), while the other elements of that statutory section are contained in subsection (a), suggests that the legislature did not intend that the factual predicate for that mandatory minimum sentence, namely, that the victim was less than ten years of age, constitute an element of sexual assault in the first degree under § 53a-70 (a). That suggestion is strengthened by the fact that subdivision (2) of § 53a-70 (a) expressly refers to victims under thirteen years of age. The legislative debate on the amendment creating the mandatory minimum sentence under § 53a-70 (b) reflects, however, the understanding of legislators on both sides of the amendment, enacted through No. 95-142, § 13, of the 1995 Public Acts (P.A. 95-142), that the factual question of whether the victim was under ten years of age at the time of the offense is to be determined by the jury.[18]

As the Appellate Court noted, the ten year mandatory minimum sentencing provision was first proposed as an amendment to Senate Bill No. 872, which primarily established Connecticut's sex offender registration law.

---

[18] The precedential value of this case necessarily is limited by virtue of the legislative history that is uniquely pertinent to § 53a-70 (b). Our review of any other mandatory minimum sentencing provision must be undertaken with primary emphasis on the particular language, structure, legislative history and genealogy of *that* provision, not § 53a-70 (b).

In their briefs to this court, the parties did not present arguments regarding *their* interpretation of the legislative debate surrounding P.A. 95-142. Instead, the defendant submitted, by way of facsimile, a transcript of that debate to this court the day before oral arguments in the present case, and the state merely referenced the Appellate Court's interpretation of that debate in its brief to this court. See footnote 9 of this opinion; *State v. Kirk R.*, supra, 74 Conn. App. 383 n.12, 384.

*State* v. *Kirk R.*, supra, 74 Conn. App. 383 n.12. The amendment was offered by Representative Andrew M. Norton in response to a highly publicized case in which a nine month old child was raped. Id. Representative Norton stated that the purpose of the amendment was to "increase the penalty on a person convicted of raping or seriously physically assaulting someone who is under ten years old." 38 H.R. Proc., Pt. 8, 1995 Sess., p. 2667. In opposition to the amendment, Representative Michael P. Lawlor noted that the language of the bill was "flawed" because the amendment did not make it an element of the offense that the victim was under the age of ten. Id., p. 2670. Representative Lawlor also stated: "So you could change it and write it correctly to make it an element, but it is not, at least the way I read it." Id.

In response to Representative Lawlor's criticism of the amendment, Representative Dale Radcliffe noted that the amendment is similar to statutes that impose a mandatory minimum sentence if the victim of an assault was at least sixty years of age.[19] Id., p. 2671; see, e.g., General Statutes § 53a-59a (five years not suspendable for assault in first degree); General Statutes § 53a-60b (two years not suspendable for assault in second degree); General Statutes § 53a-60c (three years not

---

[19] Representative Lawlor disagreed, noting that, unlike the amendment at issue, the assault of a victim who is at least sixty years of age is a separate offense. 38 H.R. Proc., supra, p. 2673. In this connection, Representative Lawlor stated: "We have two separate statutes, [§] 53a-59 assault in the first degree, Class B felony, has its own penalty. There is a separate statute, [§ 53a-59a] assault on a victim over [sixty]. In order to have an enhanced penalty, you have to have a separate crime and this flawed amendment simply says at the penalty phase, if the person has been convicted of, in this case, assault—first degree, without a separate offense, it just says that if the victim happens to be under ten, there is an enhanced penalty. You can't do it that way. You could easily fix this. You could have a separate section for which someone could be convicted and then punished. This is flawed. I acknowledge that in a few minutes you could fix this and we could vote on a proper bill . . . ." Id.

suspendable for assault in second degree with firearm); General Statutes § 53a-61a (one year not suspendable for assault in third degree). Representative Radcliffe also stated: "And in terms of problems [of proof] for trial, it is very easy to prove the age of the victim. You simply introduce an official birth certificate or ask the mother or father or guardian how old the individual was at the time this particular heinous, particularly offensive crime was committed. And they will be able to answer it and there will be information on the record to substantiate a conviction." 38 H.R. Proc., supra, p. 2672.

In addition, Representative Robert M. Ward likened the mandatory minimum sentencing provision contained in § 53a-70 (b) to the enhanced penalties contained in the statute concerning driving while under the influence of intoxicating liquor or drugs. Id., p. 2674; see General Statutes § 14-227a (g). Representative Ward stated: "My recollection . . . is that an information charging an offense for which there is an enhanced penalty must be spelled out and may require a two count provision. For example, in our drunk driving law, if you are to get the enhanced penalty for operating under suspension, it is the same offense, but . . . there has to be notice to the defendant at trial if the prosecution is seeking the enhanced penalty and it needs to be an information in two parts and they need to be advised of it at trial. It seems to me it would be very easy for a prosecutor in this case to say, you are charged with rape in the first degree. The following facts constitute that in violation of [§] 53a-70 and in the second part, we are alleging that the victim was under ten years of age at the time of the offense and we are therefore seeking the enhanced penalty of a mandatory minimum of ten years. . . . [T]he age of the victim . . . is a matter of proof at trial and I believe the charge to the jury would be, if it were a jury case, would a reasonable

person have understood the person was under that age?"[20] 38 H.R. Proc., supra, pp. 2674–75.

This exchange indicates that the legislature intended § 53a-70 (b) to operate as if it were a separate aggravated offense. Representative Radcliffe's comments demonstrate that § 53a-70 (b) was intended to operate similarly to the statutes concerning an assault on an elderly person. See General Statutes §§ 53a-59a, 53a-60b, 53a-60c and 53a-61a. Those statutes create separate aggravated offenses when the victim is at least sixty years of age, and the state is required to prove the age of the victim as an element of that separate aggravated offense.[21] The comments of Representative Lawlor, in opposition to the amendment, support this conclusion. Indeed, Representative Lawlor did not attack the purpose of the mandatory minimum sentencing provision, namely, to increase the minimum sentence for especially heinous sexual assaults. Rather, he objected solely on structural grounds, arguing that the amend-

---

[20] Despite Representative Ward's statement, § 53a-70 does not require that the state prove that the defendant believed, or a reasonable person would have believed, that the victim was less than ten years of age. Rather, § 53a-70 creates a strict liability crime, and the state is not required to prove the actor's knowledge or intent as an element of the offense. Nevertheless, Representative Ward's comments strongly suggest that the issue of the victim's age was intended to be submitted to the jury.

[21] For instance, General Statutes § 53a-59a provides in relevant part: "(a) A person is guilty of assault of an elderly . . . person in the first degree, when such person commits assault in the first degree under section 53a-59 (a) (2), 53a-59 (a) (3) or 53a-59 (a) (5) and (1) the victim of such assault has attained at least sixty years of age . . . .

"(d) Assault of an elderly . . . person in the first degree is a class B felony and any person found guilty under this section shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court."

Thus, in order to obtain a conviction under § 53a-59a for assaulting an elderly person, the state must first prove all of the elements necessary to obtain a conviction of assault in the first degree under General Statutes § 53a-59; then it must prove an additional element, that the victim was at least sixty years of age.

ment, as it was written, would not validly accomplish its purpose. As a solution, Representative Lawlor suggested that the amendment be rewritten to create a separate aggravated offense when the victim is less than ten years of age. 38 H.R. Proc., supra, p. 2673; see footnote 19 of this opinion. Thus, Representative Lawlor's remarks indicate that, notwithstanding the structural irregularities of the amendment, he understood that the proponents of the amendment nonetheless intended for § 53a-70 (b) to operate as if it were a separate offense.

Representative Ward's comments, which analogized the enhanced penalties available for driving while under the influence, indicate that the state must allege in the information that the victim is less than ten years of age. See 38 H.R. Proc., supra, pp. 2674–75. This strongly suggests that § 53a-70 (b) was not intended to create a sentencing factor, but an element of the aggravated offense.

Finally, both Representatives Radcliffe and Ward discussed scenarios that were likely to occur at trial. In this regard, Representative Radcliffe indicated that the state may introduce the victim's birth certificate into evidence at trial; id., p. 2672; and Representative Ward proposed a potential jury instruction referencing the age of the victim. Id., p. 2674. Again, these remarks suggest that the state would need to prove that the victim was less than ten years of age during the guilt phase of the trial, as opposed to during the sentencing phase.

All of these comments taken together persuade us that the legislature intended for the jury, and not for the court, to determine whether a victim of a sexual assault under § 53a-70 (a) was less than ten years of

age at the time of the alleged offense.[22] Accordingly, the trial court improperly imposed the mandatory minimum sentence under § 53a-70 (b) without having first instructed the jury that it must find that the victims in the present case were less than ten years of age.

With those principles in mind, we now address the state's claim that the trial court's failure to instruct the jury that it must have found that the victims in the present case were less than ten years of age constituted harmless error.[23] "A jury instruction that improperly omits an essential element from the charge constitutes harmless error if a reviewing court concludes beyond a reasonable doubt that the omitted element was *uncontested and supported by overwhelming evidence*, such that the jury verdict would have been the same absent the error . . . . *Neder* v. *United States*, 527 U.S. 1, 17, 119 S. Ct. 1827, 114 L. Ed. 2d 35 (1999)." (Emphasis in original; internal quotation marks omitted.) *State* v. *Velasco*, supra, 253 Conn. 232–33; see also *State* v. *Davis*, 255 Conn. 782, 794, 772 A.2d 559 (2001); *State* v. *Montgomery*, 254 Conn. 694, 737–38, 759 A.2d 995 (2000). Thus, our sole task is to determine, beyond a reasonable doubt, whether the fact that the victims in the present case were less than ten years of age was uncontested and supported by overwhelming evidence. We conclude that it was, and, accordingly, the defendant's claim fails under the fourth prong of *Golding*. See footnote 12 of this opinion.

The following additional facts are necessary to resolve this issue. The trial in the present case occurred

---

[22] The state argues, nonetheless, that, had the legislature intended for § 53a-70 (b) to be an element of the offense, then it could have created a separate statutory offense. The short answer to this contention is that, on the basis of the legislative debate surrounding the statute, we are persuaded that the legislature intended to accomplish that very functional result, despite the structural irregularity of § 53a-70.

[23] The defendant has not addressed the issue of harmlessness in his brief to this court.

in November, 2000, and the information alleged that the acts for which the defendant was convicted allegedly occurred between July, 1997, and September, 1998. Colleen Bush, an investigative social worker employed by the department of children and families, testified that Z, the elder of the two victims, was born on October 26, 1990, and that F, the younger of the two victims, was born on December 5, 1993. Bush also testified that, at the time of the trial, Z was ten years of age and F was six years of age.

During both direct examination and cross-examination, Z testified that, at the time of the trial, she was ten years of age. On direct examination, F testified that, at the time of the trial, she was six years of age, and that Z was eleven years of age.[24] On cross-examination, F repeated that she presently was six years of age.

Anne Yost, a social worker employed by Bridgeport Hospital, testified that she had interviewed the victims at the hospital on January 7, 1999. Referring to each victim's medical records prepared from that visit, which the state marked for identification but did not introduce as full exhibits, Yost testified that Z was born on October 23, 1990,[25] and that F was born on December 5, 1993. Yost also testified that, at the time of that particular visit in January, 1999, Z and F were eight and five years of age, respectively. Jean Massey, the victims' foster mother for several months, also testified that, in January, 1999, Z and F were eight and five years of age, respectively. Finally, Ralph S. Welsh, a psychologist who examined the victims, answered in the affirmative

[24] The parties have not commented on the fact that F testified that Z presently was eleven, as opposed to ten, years of age. In any event, even if the jury believed F's statement that Z was presently eleven years of age, on the basis of the dates contained in the information, Z still would have been less than ten years of age at the time of the acts alleged in the present case.

[25] After reading Z's date of birth aloud, Yost testified: "Is that right? I'm sorry. It's kind of unclear . . . . The stamp is a little blurry."

when asked if Z and F were born in 1990 and 1993, respectively.

With respect to documentary evidence, the state submitted into evidence a transcript of a recorded statement made to the police by Z on February 2, 1999, wherein Z stated that she was eight years of age. The defendant submitted into evidence the hospital records of the victims, which indicated that, on September 14, 1998, Z and F were seven and four years of age, respectively. These hospital records also listed the victims' dates of birth, indicating that Z was born on October 26, 1990, and that F was born on December 5, 1993. The victims' hospital records were the only exhibits that the defendant submitted into evidence.

On the basis of the foregoing, and after a careful review of the entire record, we conclude, beyond a reasonable doubt, that the fact that the victims in the present case were less than ten years of age was supported by overwhelming evidence and was not contested by the defendant. Given the jury's verdict, we know that the jury found that the victims were less than thirteen years of age. The only evidence, testimonial or otherwise, that established the victims' dates of birth indicated that Z was born in 1990, and that F was born in 1993. Indeed, the defendant himself submitted documentary evidence that listed the victims' dates of birth. In addition, Z and F testified that, at the time of the trial, they were ten and six years of age, respectively. All of this testimony was corroborated by Bush, Yost, Massey and Welsh. Considering that the acts for which the defendant was convicted allegedly occurred between July, 1997, and September, 1998, simple arithmetic, either counting backward from the date of the trial, or forward from the victims' dates of birth, indicates that the victims were less than ten years of age when the alleged sexual assaults had occurred.

In addition, several witnesses testified regarding the ages of the victims in 1998 and 1999, all of whom indicated that the victims were less than ten years of age. The defendant, furthermore, never contested the ages of the victims. Rather, the defendant's sole defense was that he never sexually assaulted the victims. Lastly, there was no evidence submitted to the jury on which it could have concluded that the victims were ten years of age or older at the time of the acts alleged in the present case. Although it could be argued that the defendant may not have contested the ages of the victims to the extent that their ages were less than *thirteen* years of age, we are convinced, beyond a reasonable doubt, that the jury, had it been instructed to do so, would have found that the victims in the present case were less than ten years of age.

The judgment of the Appellate Court is affirmed.

In this opinion NORCOTT, PALMER and VERTEFEUILLE, Js., concurred.

ZARELLA, J., concurring. I concur in the result reached by the majority. I write separately, however, because I do not agree with the majority that General Statutes (Rev. to 1997) § 53a-70 (b),[1] which provides for a mandatory minimum sentence of ten years imprisonment when the victim is less than ten years of age, requires a determination by the jury, rather than the sentencing court, that the victim of a sexual assault was less than ten years of age at the time the assault occurred.

The majority concedes that age is an element of the offense of sexual assault in the first degree under § 53a-70 (a) (2) only to the extent that the state is required to prove to the jury that the victim was less than *thirteen*

---

[1] All references in this opinion to § 53a-70 are to the 1997 revision. See footnote 3 of the majority opinion.

years of age. The majority further concedes that the structure of the statute suggests that our legislature did *not* intend to make the age of a victim less than ten years old an element of the offense. Finally, the majority notes that, in *Harris* v. *United States*, 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002), the United States Supreme Court determined that a sentencing court has discretion to make factual findings that give rise to the imposition of a mandatory minimum sentence. The majority nonetheless declares that "there is nothing that *prevents* our legislature from requiring the jury to make a finding" that triggers the imposition of a mandatory minimum sentence. (Emphasis in original.) The majority then examines the legislative history of the sentencing provision and concludes that the legislature intended that the issue of whether the victim was less than ten years of age should be submitted to the jury for the purpose of imposing the mandatory minimum sentence. I disagree with the conclusion of the majority because such a conclusion is contrary to the plain language of the statute, is inconsistent with the statutory scheme and is not supported by the legislative history on which the majority relies.

Public Acts 2003, No. 03-154, § 1, provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

In the present case, the statute in effect at the time the crimes were committed was General Statutes (Rev. to 1997) § 53a-70, which provides in relevant part: "(a) A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is

under thirteen years of age and the actor is more than two years older than such person . . . ." Section 53a-70 (a) (2) thus requires proof that the victim was under thirteen years of age and the offender was more than two years older than the victim.

The majority concludes, after analyzing the language of the statute, that "the age of the victim *is* an element of the offense of sexual assault in the first degree, but only, at least explicitly, inasmuch as the state is required to prove that the victim was less than *thirteen* years of age." (Emphasis in original.) I emphatically agree. I also believe, however, unlike the majority, that including the age of thirteen, and not the age of ten, as an element of the offense *strengthens* the argument of the state that "under ten years of age" is a sentencing factor because once the state has proved to the jury that the victim was less than thirteen years of age and the defendant is found guilty, no further proof of the victim's age is necessary. The requisite determination as to the age of the victim having been made by the jury, the offender is exposed to a maximum penalty of twenty years incarceration, and in the case of a victim less than ten years old, a mandatory minimum sentence of ten years incarceration. See General Statutes (Rev. to 1997) § 53a-70 (b) and General Statutes § 53a-35a (5).

The majority next observes that the fact that § 53a-70 (a) (2) expressly refers to victims under thirteen years of age and the fact that the mandatory minimum sentencing provision is contained in subsection (b) suggest that the legislature did not intend for the factual predicate of the mandatory minimum sentence to constitute an element of the offense. I could not agree more.

The sentencing portion of the statute provides in relevant part: "Sexual assault in the first degree is a class B felony for which one year of the sentence imposed may not be suspended or reduced by the court

or, if the victim of the offense is under ten years of age, for which ten years of the sentence imposed may not be suspended or reduced by the court." General Statutes (Rev. to 1997) § 53a-70 (b). The sentencing range for a class B felony under § 53a-70 (a) is between one year and twenty years imprisonment. See General Statutes § 53a-35a (5). Subsection (b) of § 53a-70 thus does not alter the sentencing range established by § 53a-35a (5), but merely requires the court to impose a mandatory minimum sentence within that range if the victim was less than ten years of age. I therefore submit that the plain language of subsection (b) supports the view that the age of a victim less than ten years old is a sentencing factor to be determined by the court. See *Harris* v. *United States*, supra, 536 U.S. 565 (court has discretion to make factual finding for purpose of imposing mandatory minimum sentence, as long as such sentence does not exceed statutory maximum).

Moreover, there can be no doubt that there is a clear division in the structure of the statute between the substantive provisions of subsection (a), which describe the elements of the offense, and the sentencing provisions of subsection (b), which describe the manner in which a sentence is to be imposed. Indeed, because § 53a-70 (a) (2) defines the offense as pertaining to a victim who is less than thirteen years of age, it seems only reasonable to assume that any reference in subsection (b) to the exact age of such a victim, insofar as the victim's age affects the *length* of a sentence imposed within the prescribed range of one to twenty years, was intended by the legislature to be a sentencing factor rather than an element of the offense. Accordingly, the structure and the text of the statute strongly support the conclusion that the age of a victim less than ten years old is not an element of the offense that the state must prove to the jury.

"We are constrained to read a statute as written . . . and we may not read into clearly expressed legislation provisions, which do not find expressions in its words . . . ." (Internal quotation marks omitted.) *Carmel Hollow Associates Ltd. Partnership* v. *Bethlehem*, 269 Conn. 120, 139, 848 A.2d 451 (2004). Furthermore, when the legislature drafts sentencing provisions, it knows how to do so. *State* v. *Jones*, 234 Conn. 324, 367, 662 A.2d 1199 (1995). If the legislature had intended for the jury to make a factual finding regarding the victim's age for mandatory minimum sentencing purposes, it could have made the age of such a victim an element of § 53a-70 (a) or enacted a separate statute pertaining to the assault of victims who are less than ten years of age, as it did in the case of victims who are at least sixty years of age and victims who are blind, disabled, pregnant or mentally retarded. General Statutes §§ 53a-59a (a), 53a-60b (a), 53a-60c (a) and 53a-61a (a).

Furthermore, when considering § 53a-70 within the context of the broader statutory scheme, the statute should be compared with General Statutes § 53a-59,[2]

[2] General Statutes § 53a-59 provides in relevant part: "(a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (2) with intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person; or (4) with intent to cause serious physical injury to another person and while aided by two or more other persons actually present, he causes such injury to such person or to a third person; or (5) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm.

"(b) Assault in the first degree is a class B felony provided . . . (2) *any person found guilty under subsection (a) shall be sentenced to a term of imprisonment of which ten years of the sentence imposed may not be suspended or reduced by the court if the victim of the offense is a person under ten years of age* . . . ." (Emphasis added.)

which pertains to the offense of assault in the first degree, because both statutes provide for a mandatory minimum sentence of ten years imprisonment if the victim is less than ten years of age, but neither includes the age of the victim as an element of the offense. Compare General Statutes § 53a-59 (b) with General Statutes (Rev. to 1997) § 53a-70 (b). To require the jury to make a factual finding as to the age of the victim in § 53a-70 (b), when there appears to be no similar requirement with respect to § 53a-59 (b), would be inconsistent with the well established principle of statutory interpretation that "the legislature is always presumed to have created a harmonious and consistent body of law . . . . [T]his tenet of statutory construction . . . requires [this court] to read statutes together when they relate to the same subject matter . . . . Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction. . . . [T]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them." (Citations omitted; internal quotation marks omitted.) *Hatt* v. *Burlington Coat Factory*, 263 Conn. 279, 310, 819 A.2d 260 (2003). Therefore, the majority's comparison of § 53a-70 with § 53a-59a is inappropriate and can offer this court little guidance because, although § 53a-59a pertains to an age-related offense, it is structurally dissimilar to § 53a-70.

No other Connecticut case has addressed the issue presented in this appeal. In *State* v. *Velasco*, 253 Conn. 210, 751 A.2d 800 (2000), this court determined that the question of whether a defendant used a firearm in the commission of a felony, which *increases* the penalty for the underlying felony beyond the statutory *maximum* under General Statutes § 53-202k, must be submitted to the jury. Id., 214; see also *Apprendi* v. *New Jersey*,

530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ("any fact that increases the penalty for a crime beyond the prescribed statutory *maximum* must be submitted to a jury" [emphasis added]). The factors that persuaded this court in *Velasco*, however, including the "well established practice of submitting to the jury the ultimate fact that triggers the application of a sentence enhancement statute"; *State* v. *Velasco*, supra, 226; and a comparison of § 53-202k with other sentence enhancement statutes that limit the role of the judge as the fact finder; id., 227–28; do not exist in the present case because § 53a-70 (b) is not a sentence enhancement statute. It is therefore useful to examine the reasoning in *Harris* v. *United States*, supra, 536 U.S. 545, in which the United States Supreme Court considered the distinction between the elements of a crime and the factors that influence a criminal sentence in the context of a mandatory minimum sentencing scheme.

In *Harris*, the petitioner was convicted of carrying a firearm in the course of committing a drug trafficking crime. Id., 550–51. The applicable sentencing scheme provided for a mandatory minimum sentence of seven years imprisonment if the defendant had brandished the firearm during the commission of the underlying crime. See 18 U.S.C. § 924 (c) (1) (A) (ii) (2000). The government presumed that brandishing was a sentencing factor to be considered by the judge when formulating the sentence. *Harris* v. *United States*, supra, 536 U.S. 551. The indictment therefore did not allude to the petitioner's brandishing of the firearm, and the government simply alleged the elements of the underlying offense. Id. After the petitioner was found guilty, the presentence investigation report recommended that he be given the mandatory minimum sentence because he had brandished the firearm. Id. The petitioner argued, however, that brandishing was a separate element of the offense and that the jury, rather than the sentencing

judge, was required to make a finding that he had brandished the firearm. See id. The United States Supreme Court disagreed, concluding that brandishing a firearm was a sentencing factor to be determined by the judge and not an element of the offense to be determined by the jury. Id., 556. The court reasoned that increasing the mandatory minimum sentence did not alter the prescribed range of penalties to which the petitioner was exposed, but "merely required the judge to impose a specific sentence within the range authorized by the jury's finding that the [petitioner was] guilty." (Internal quotation marks omitted.) Id., 563–64.

The majority acknowledges that, under *Harris* and other federal precedent, "the legislature [is] not constitutionally prohibited from permitting the sentencing court, as opposed to a jury, to determine whether a victim of sexual assault in violation of § 53a-70 (a) was less than ten years of age." The majority nonetheless concludes, despite the clarity of the language and structure of § 53a-70, that nothing "*prevents* our legislature from requiring the jury to make a finding" as to the age of a victim less than ten years old for the purpose of imposing the mandatory minimum sentence. (Emphasis in original.) The majority therefore finds it necessary to examine the legislative history of the provision in order to discern the legislature's intent.

I disagree with the majority's conclusion that the legislative history shows a clear intent to submit the question of the victim's age to the jury. Representative Andrew M. Norton introduced the proposed legislation regarding the ten year mandatory minimum sentence following a highly publicized case involving the rape of an infant. See 38 H.R. Proc., Pt. 7, 1995 Sess., p. 2666. His primary concern was to increase the penalty for first degree sexual assault involving very young victims, for whom the consequences could be most devastating. See id. He did not address whether the age of the victim

should be a factual issue for the court or for the jury to determine.

Representative Michael P. Lawlor urged rejection of the proposed legislation because it did not make the age of the victim an *"element of the offense . . . ."* (Emphasis added.) 38 H.R. Proc., Pt. 8, 1995 Sess., p. 2670. He characterized this omission as a flaw that would render the provision unworkable.[3] Id. He therefore made no comment as to whether it would be *preferable* for the court or the jury to make the factual finding regarding the victim's age.

Thereafter, Representative Dale W. Radcliffe stated that the language of the proposed legislation was not flawed because it was similar to the language of § 53a-59a, which proscribes the assault of elderly persons, that is, persons who are at least sixty years of age. Id., p. 2671; see General Statutes § 53a-59a. Representative Lawlor pointed out that Representative Radcliffe's observation was incorrect, explaining that § 53a-59a makes the assault of elderly victims a separate offense and that, consequently, § 53a-59a was structurally dissimilar to § 53a-70. 38 H.R. Proc., Pt. 8, 1995 Sess., p. 2673. Representative Radcliffe also discussed the manner in which the age of the victim could be proved at trial but did not offer an opinion as to whether such

[3] Representative Lawlor's position that the amendment was "flawed" appears to have been based on his view that the age of such a victim must be treated as an element of the offense. 38 H.R. Proc., Pt. 8, 1995 Sess., p. 2670; see, e.g., General Statutes § 53a-59a (a) (1) (age of victim at least sixty years old is element of offense). When the mandatory minimum sentence provision of § 53a-70 (b) was adopted, the legislature did not have the benefit of the reasoning in two subsequent United States Supreme Court cases in which the court distinguished between facts that increase the penalty *beyond the statutory maximum*, which must be found by the jury; see *Apprendi* v. *New Jersey*, supra, 530 U.S. 490; and facts that increase the mandatory minimum sentence *within the range* of penalties prescribed by the statute, which are sentencing factors that may be found by the court. See *Harris* v. *United States*, supra, 536 U.S. 565.

proof should be made to the court or to the jury. Id., p. 2672.

Representative Robert M. Ward believed that the proposed legislation was similar to an "enhanced penalty" that would require the state to give the defendant notice by way of a two part information and to prove the victim's age to the jury. Id., pp. 2674–75. He indicated that the provision could be drafted as a separate statute or as an amendment to § 53a-70. See id., p. 2675. He also noted that any "technical" problems with the amendment could be resolved by the legislature in the future. Id. Representative Richard D. Veltri stated that he was unconcerned about whether the proposed amendment had been drafted correctly; he simply believed that it should be adopted. Id., p. 2677.

In my view, there was no consensus among those who participated in the legislative debate that the jury should make the factual finding regarding the age of a victim less than ten years old. The comments of Representatives Radcliffe and Ward indicate their belief that the proposed legislation was drafted properly and was viable from a technical standpoint, despite Representative Lawlor's comments to the contrary, because of its purported structural similarity to mandatory minimum sentencing provisions in other penal statutes. None of those who spoke on the matter, however, expressed an opinion as to the *merits* of allowing the sentencing court or the jury to make the factual finding regarding the victim's age. I therefore submit that the majority's conclusion that "the understanding of legislators on both sides of the amendment . . . that the factual question of whether the victim was under ten years of age . . . is to be determined by the jury" is not supported by the legislative record.

Moreover, the majority's willingness to weigh comments made during the legislative debate that are incon-

clusive, at best, more heavily than the language and the structure of the statute itself, flies in the face of the principle established in *State* v. *Courchesne*, 262 Conn. 537, 816 A.2d 562 (2003), that, because "the statutory language is the most important factor in [interpreting a statute] . . . we necessarily employ a kind of sliding scale: the more strongly the bare text of the language suggests a particular meaning, the more persuasive the extratextual sources will have to be in order for us to conclude that the legislature intended a different meaning." Id., 574. Indeed, I fail to comprehend how the majority can *concede* that the text and the structure of the statute strongly suggest that the legislature did not intend for the age of a victim under ten years old to be an element of the offense, yet rely on a legislative history fraught with ambiguity to reach the conclusion that the age of such a victim must be submitted to the jury.

The majority's construction of the statute also raises more questions than it answers. For example, because the mandatory minimum sentencing provision in subsection (b) of § 53a-70 applies to each of the other three offenses described in subsection (a), would the majority have the jury determine whether the victim is less than ten years old in cases involving those other offenses even though the age of the victim is not an element of any of those offenses?[4]

The majority's decision raises additional questions as to the trial court's discretion to impose an appropriate

[4] Other offenses proscribed by § 53a-70 (a) that would appear to require a jury finding that the victim was less than ten years of age in accordance with the majority's interpretation of the mandatory minimum sentencing provision include: (1) sexual intercourse compelled by the use of force or by the threat of use of force; (2) sexual intercourse that is aided by two or more other persons who are actually present; and (3) sexual intercourse with a person who is mentally incapacitated such that he or she is unable to consent to sexual intercourse. See General Statutes § 53a-70 (a) (1), (3) and (4).

sentence. Presentence investigation reports, which are a product of the state office of adult probation, routinely are developed in many criminal cases to aid the court in determining a proper sentence. Typically, such reports delve into the defendant's history and his relation to the community, prior criminal record and work experience, as well as other considerations regarding the defendant's background. The reports also assess the impact of the crime on the victim and the victim's family. If a presentence investigation report provides that the victim is under the age of ten and that the victim's age is a factor in assessing the impact of the crime on the victim, is the court required to disregard this factor if it is not proven to the jury or is it permitted to rely on this factor as a reason for not suspending any portion of the sentence? Additionally, if the court decides that the appropriate sentence is a ten year sentence, is it required to state on the record that it is not deriving its authority from § 53a-70 (b)?

In summary, I submit that it is clear from the language and the structure of the statute that the age of a victim less than ten years old is not an essential element of the crime of sexual assault in the first degree. Consequently, although I concur in the result reached by the majority, I conclude that § 53a-70 does not require the jury to make a finding that the victim of first degree sexual assault is less than ten years of age for the purpose of imposing the mandatory minimum sentence.