STATE OF CONNECTICUT *v.* DAREL EDWARDS
(AC 26222)

Gruendel, Harper and Pellegrino, Js.

Argued November 27, 2006—officially released January 30, 2007

*Daniel J. Krisch*, special public defender, with whom were *Brendon P. Levesque*, special public defender, and, on the brief, *Ronald Crawley*, legal intern, for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Michael A. Pepper,* senior assistant state's attorney, for the appellee (state).

*Opinion*

PELLEGRINO, J. The defendant, Darel Edwards, appeals from the judgment of conviction, rendered after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 and criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c (a) (1). On appeal, the defendant claims that the trial court improperly failed to grant his motion in limine to preclude the state from questioning a defense witness about that witness' prior criminal conduct. We affirm the judgment of the trial court.

At approximately 9 p.m. on July 27, 2003, the defendant and three other men drove to an apartment building at 316 Blatchley Avenue in New Haven. A group of people were standing outside that building, including the defendant's girlfriend, Janine Bordeaux, and DeJuano Wells. Bordeaux and Wells appeared to be arguing with each other. The defendant then confronted Wells. After arguing with Wells briefly, the defendant retrieved a gun from the car in which he had arrived. He shot Wells several times, wounding him in the buttocks and legs, and then fled the scene. Approximately two months later, the defendant was arrested.

After a trial, the jury returned a verdict of guilty of assault in the first degree and carrying a pistol or revolver without a permit. The defendant subsequently pleaded guilty to criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c (a) (1), and to the part B information, which charged him with commission of a class A, B or C felony with a

firearm in violation of General Statutes § 53-202k and with being a persistent serious felony offender pursuant to General Statutes § 53a-40 (c). The court sentenced him to a total effective term of twenty years incarceration. This appeal followed.

The defendant's sole claim on appeal is that the court should have granted his motion in limine to preclude the state from questioning a defense witness, Carolyn Woodard, about her criminal conduct in Florida. In 1983, when Woodard was eighteen years old, she was convicted of theft and giving false information to a law enforcement officer. Those crimes were both misdemeanors under Florida law. The issue of Woodard's credibility was important to the defendant because Woodard was to testify at trial that Veronica Holmes, a witness to the shooting, was inside Woodard's apartment at the time and could not have seen the defendant shoot Wells.

The court did not issue a ruling on the defendant's motion in limine. Although the court discussed the issue of Woodard's credibility with the prosecutor and defense counsel in chambers, that discussion is not part of the record. Furthermore, defense counsel failed to object at trial when the prosecutor cross-examined Woodard regarding her Florida convictions. The defendant nonetheless argues that he preserved his claim for our review because he filed his motion in limine. The defendant contends that the absence of a ruling on that motion gives rise to a presumption that the court denied it. We disagree.

The defendant fails to cite, and we are unaware of, any Connecticut authority that would support his argument.[1] The absence of such authority is unsurprising

---

[1] The defendant directs us, however, to a decision of the Ohio Supreme Court stating that "when a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it." *State ex rel. The V Cos.* v. *Marshall*, 81 Ohio St. 3d 467, 469, 692 N.E.2d 198 (1998). Clearly, we are not bound by Ohio case law.

because it is trial counsel's responsibility to ensure that the issues he raises in pretrial motions are addressed before the trial begins. If the court has not acted on a pretrial motion, nothing prevents counsel from requesting a ruling on that motion on the record prior to the start of trial. Similarly, if the court has not acted on a pretrial motion and counsel proceeds with trial instead of seeking a ruling on that motion, nothing prevents him from objecting when the issue presented in that motion arises during trial. By alerting the court that it has not acted on a pretrial motion, or by objecting at trial, counsel provides the court with the opportunity to rule on the record, thereby preserving the issue for appellate review. Counsel may decide as a matter of strategy, however, to abandon an issue by not requesting a ruling on an overlooked pretrial motion or by not objecting at trial. The manner in which trial counsel acts, or fails to act, is of great significance in determining the availability of appellate review. See, e.g., *State* v. *Holbrook*, 97 Conn. App. 490, 497 n.1, 906 A.2d 4 (noting that defense counsel in that case failed to move for mistrial, and therefore no review available with respect to defendant's claim that court should have granted his motion for mistrial), cert. denied, 280 Conn. 935, 909 A.2d 962 (2006); *State* v. *Hedge*, 93 Conn. App. 693, 700, 890 A.2d 612 (explaining that review of an issue in that case pertaining to cross-examination of seven prosecution witnesses was restricted to only one

Furthermore, it appears that the defendant's reliance on *Marshall* is misplaced. That case and other similar Ohio cases "involve situations where the trial court . . . failed to rule on a single pretrial motion related to discovery matters. . . . Generally, a reviewing court will presume that a lower court overruled a motion on which it did not expressly rule, in instances where it is clear from the circumstances that that is what the lower court actually intended to do." *State* v. *Ryerson*, Docket No. CR02-07-1124, 2004 Ohio App. LEXIS 2985, **11–12 (Ohio App. June 28, 2004). The present case does not involve discovery matters, and it is not clear from the circumstances that the court actually intended to deny the defendant's motion in limine.

of those witnesses because defense counsel failed to raise issue when cross-examining other six witnesses), cert. denied, 277 Conn. 930, 896 A.2d 102 (2006).

In the present case, defense counsel did not seek a ruling on the defendant's motion in limine on the record. When the issue presented in that motion arose during trial, defense counsel did not object. The court did not rule on that issue, and it is therefore not properly before us. We decline the defendant's invitation to presume that the court denied his motion to preclude the state from questioning Woodard about her criminal conduct.[2]

Perhaps anticipating our conclusion, the defendant also requests review of his claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] The defendant's request is unavailing because the absence of a ruling by the court renders the record inadequate. Finally, the defendant asks us to invoke the plain error doctrine, codified in Practice Book § 60-5. The purpose of the plain error doctrine is *"to rectify a trial court ruling* that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy." (Emphasis added; internal quotation marks omitted.) *State* v. *Kirk R.*, 271 Conn. 499, 507 n.14, 857 A.2d 908 (2004). Because the court did

---

[2] Furthermore, we are entirely unpersuaded by the defendant's suggestion in his reply brief that such a presumption is necessary in general because the court may be "recalcitrant" to rule on a motion. There is absolutely no evidence that the court in the present case resisted ruling on the defendant's motion in limine.

[3] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

not rule on the defendant's motion in limine, it would be inappropriate for us to invoke the plain error doctrine.

The judgment is affirmed.

In this opinion the other judges concurred.